J. Grady BROWN, Jr., Appellant,

v.

The STATE of Texas, State.

Nos. 2–97–356–CV, 2–97–357–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 7, 1999.

Rehearing Overruled Feb. 18, 1999.

Cantey & Hanger, L.L.P., S.G. Johndroe, III, and C. Matthew Terrell, Fort Worth, Law Offices of Eddie Vassallo, Eddie Vassallo and Douglas H. Conner, III, Dallas, for Appellant.

Dan Morales, Attorney General of Texas, Jorge Vega, First Assistant Attorney General, David A. Talbot, Jr., Deputy Attorney General for Litigation, Grady Click, Assistant Attorney General Chief, Transportation Division, Susan Desmarais Bonnen, Assistant Attorney General, Austin, for Appellee.

Before LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This case arises out of a condemnation proceeding in which the State of Texas sought to acquire portions of two adjacent parcels of land owned by J. Grady Brown ("Brown"). A special commission was appointed and it assessed the damages incurred by Brown as landowner to be $3,426,877.00. Brown and the State both objected to the findings of the special commission and appealed to the probate court. After a jury trial, the award was reduced to $767,673.55. Brown raises four points on appeal, but we need address only the first one. Because the probate court allowed the State to file a third amended petition of condemnation which increased the State's taking, thereby divesting the trial court of jurisdiction, we reverse the court's judgment and remand for a new trial.

## BACKGROUND

The State sought to condemn portions of two adjacent tracts of land, parcels 32 and 34, located at the intersection of Interstate Highway 35E ("IH–35") and new State Highway 121 ("SH 121") in Lewisville, owned by Brown and on which he has operated a tree farm and nursery for many years. Parcel 32 is 131.075 acres of land and is located on the northbound frontage road to IH–35E. Parcel 34 is 84.324 acres and is located behind parcel 32. Before condemnation, parcel 32 had 972 feet of unrestricted access along the frontage road with two and one-half driveways off the IH–35E frontage road. The parcels were condemned in order to construct improvements to IH–35E and to build a new SH 121 bypass. The portion acquired from parcel 32 is 21.938 acres and the portion acquired from parcel 34 is 2.471 acres.

The trial court appointed three disinterested special commissioners to assess the damages suffered by Brown as owner of the properties. The special commissioners determined that the amount of Brown's damages from the State's taking and injury to the remainder of property is $3,426,877.00. Both Brown and the State appealed the commissioners' findings by timely objecting and demanding a jury trial. The jury found that the amount of Brown's damages from the taking is $767,673.55.

## THIRD AMENDED PETITION FOR CONDEMNATION

■ In Brown's first point, he complains that the trial court abused its discretion by allowing the State to file a third amended petition of condemnation and to proceed to trial on it. He argues that the third amended petition prejudiced him not only by violating the court's pretrial scheduling order, but because the amended petition sought to limit Brown after the taking to only one driveway where two and one-half had existed. We agree.

■ Abuse of discretion is the standard of review for granting of an amendment. See Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 634–35 (Tex.1986). Chapter 21 of the property code provides the procedure for condemnation proceedings in Texas. See TEX. PROP.CODE ANN. § 21.011–21.022 (Vernon 1984). Under the condemnation rules, a landowner is given only one opportunity to recover damages arising from the taking of his property by the State. See John v. State, 826 S.W.2d 138, 140 (Tex.1992). Consequently, "... the procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner." Id. at 140.

Under Chapter 21, the judge of the trial court must initially appoint three disinterested persons to a special commission to assess the damages to the owner of the property being condemned based upon the rights acquired by the condemning authority and the rights reserved to the owner of the condemned property as described in the condemning authority's petition before the trial court may exercise its jurisdiction. See TEX. PROP.CODE ANN. § 21.014 (Vernon 1984). The findings of the special commission may be appealed by timely objection. See id. § 21.018. If a party timely objects to the findings of the special commissioners, the condemnation proceeding is converted into a cause of action pending in the trial court to be tried de novo. See id.

■■■ The trial court's appellate jurisdiction is limited to the parties and issues involved in the administrative proceeding before the special commission, as set out in the condemning authority's petition which is the only pleading required at that time. *See Patrick Media Group, Inc. v. Dallas Area Rapid Transit*, 879 S.W.2d 375, 377 (Tex. App.—Eastland 1994, writ denied). Although it is true that a condemning authority has a right to amend its petition to correct errors or to take *less* property, it can do so only as long as the exercise of the right *does not prejudice the landowner. See State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788, 790 (1960) (". . . [A] court does not have unlimited power to enlarge the subject matter of a particular cause by allowing amendments to the pleadings. It could not, for example, acquire by amendment the power to condemn land which is not described in the [petition] for condemnation and where there is nothing in the [petition] to suggest that the condemning authority intended to take the same."); *Thompson v. Janes*, 151 Tex. 495, 251 S.W.2d 953, 954–55 (Tex.1952). Allowing free amendment of pleadings to enlarge a taking after the special commissioners have assessed the damages to the property owner would allow a condemning authority to disregard the statutory requirements that a hearing be held before a special commission on the pleadings of the petition for condemnation. If the condemning authority amends its petition of condemnation to take more land or reduce the rights of the condemned property owner after the action is appealed to the trial court, then that court lacks jurisdiction to hear the case because the amendment enlarged the taking from the proposed taking that the special commissioners considered.

Here, the State's first amended petition for condemnation was filed on April 28, 1994, and did not restrict Brown's access after the taking, stating:

Such highway, for which [Brown]'s land is condemned is an original location thereof, and no previously existing right of access thereto is being condemned. . . . Access will be permitted to the northerly remainder abutting the highway facility between a point being the beginning of call 4 to the

end of call 6 of the foregoing property description."

On February 1, 1995, the trial court entered its first amended scheduling order setting a final pre-trial conference for March 1, 1995, and requiring that "[*A*]*ll pleadings* upon which each party expects to go to trial *shall be filed* and a copy thereof furnished to all opposing counsel *at least ten (10) full days before such final pretrial hearing.*" On March 9, 1995, eighteen days after the deadline for filing pleadings and eleven days before trial, the State filed a motion for leave to file plaintiff's third amended petition for condemnation. The court conducted a hearing the next day and granted the State's motion. The State's third amended petition alleges: "The State further obligates itself to replace *the existing driveway* with *a* new driveway on the new IH–35 northbound frontage road."

That was the first limitation on Brown's right of access after the taking. It limited Brown to only one driveway where two and one-half had previously been and substantially reduced the access rights to the property. By reducing the access rights to the property, the third amended petition decreased Brown's ability to use his property after the taking. The trial court erred by allowing the State to file the third amended petition.

Before trial, Brown's experts spent significant time formulating their opinions on damages as they related to the first amended petition for condemnation. Within ten days of trial, his experts did not even know which one of the existing two and one-half driveways was to be replaced. The amended petition left Brown's experts to speculate on how access to the property might finally be constructed. The amendment left them without specific knowledge of the access Brown would have to the property or how the expanded taking would impact their appraisals and opinions. The late filing of the State's third amended petition for condemnation operated as a surprise to Brown, and as a matter of law, prejudiced Brown's ability to effectively use his experts' opinions.

Accordingly, we reverse the trial court's judgment and remand this matter to the trial

**351**

court for a new trial of Brown's appeal from the original condemnation case that the commissioners considered.