COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-035-CV
 
 
THE STATE OF TEXAS                                                           APPELLANT
 
V.
 
J. GRADY BROWN, JR.                                                             APPELLEE
 
 
------------
 
FROM THE PROBATE COURT OF 
DENTON COUNTY
 
------------
 
OPINION
 
------------
        This 
case arises out of a condemnation proceeding filed December 23, 1993 in which 
the State acquired a portion of land owned by Appellee J. Grady Brown. The State 
appeals, arguing that the trial court abused its discretion by awarding 
attorney’s fees and expenses to Brown. Because we hold that the trial court 
did not abuse its discretion by awarding attorney’s fees and expenses under 
section 21.0195 of the Texas Property Code,[1] we 
affirm the trial court’s judgment.
Brief Facts
        In 
December 1993, the State filed a petition for condemnation seeking to condemn 
portions of two adjacent tracts of land owned by Brown.  The State sought 
to condemn this property located at the intersection of Interstate Highway 35E 
and State Highway 121 to complete Texas Department of Transportation’s (TxDOT) 
plan for expansion of these highways. Pursuant to the Texas Property Code, the 
trial court appointed three disinterested special commissioners to assess the 
damages suffered by Brown as owner of the properties to be taken.[2]  The special commissioners determined that Brown’s 
damages from the State’s taking and injury to the remainder of property were 
$3,426,877.00.  Both Brown and the State appealed the findings by objecting 
and demanding a jury trial.
        Approximately 
ten days before trial, over Brown’s objection in the nature of a plea to the 
5jurisdiction, the trial court granted the State leave to file its third amended 
petition. A jury trial was then held, and the jury awarded Brown $767,673.55. 
Brown appealed, complaining that the trial court abused its discretion by 
allowing the State to file a third amended petition of condemnation that sought 
to take more property than was set forth in the petition that was before the 
special commission.[3]  In that appeal, we held 
that the trial court lacked jurisdiction over the State’s third amended 
petition that expanded the nature of the taking from that considered by the 
special commissioners.[4]  We reversed and 
remanded the case for a new trial on the petition that was considered by the 
special commissioners.[5]
        Upon 
remand and pursuant to the trial court’s suggestion, the State filed a fourth 
amended petition that was identical to the petition considered by the special 
commissioners (with the exception of the legal description that had been 
previously amended to cure a typographical error).  Thereafter, Brown filed 
a landowner’s motion to assess fees and costs, and the trial court entered an 
interlocutory order finding the State liable for payment of Brown’s fees and 
expenses under Texas Property Code sections 21.019 and 21.0195.  Following 
the new trial and a final hearing on the interlocutory order, the trial court 
affirmed its interlocutory order in a final judgment.
        Reflecting 
the jury verdict and the landowner’s fees and expenses, the final judgment 
awards (1) the State fee title to the property being condemned; (2) Brown’s 
damages ($586,040.00); and (3) judgment for Brown against the State for the 
amount of $413,040.52 for reasonable and necessary fees for attorneys, 
appraisers, photographers, and other expenses.  The State now appeals.
Attorney’s 
Fees
        In 
its sole issue, the State argues that the trial court abused its discretion by 
awarding Brown section 21.019 and 21.0195 reasonable and necessary attorney’s 
fees and litigation expenses in this condemnation proceeding because the case 
was not dismissed and no judgment was entered denying the right to condemn the 
property.  We disagree.
        Section 
21.0195 states in relevant part:
 
(a) This section applies only to the dismissal of a condemnation proceeding that 
involves the Texas Department of Transportation.
                . 
. . .
 
(c) If a court dismisses a 
condemnation proceeding on the motion of the department or as a result of the 
failure of the department to bring the proceeding properly, the court shall make 
an allowance to the property owner for the value of the department’s use of 
the property while in possession of the property, any damage that the 
condemnation has caused to the property owner, and any expenses the property 
owner has incurred in connection with the condemnation, including reasonable and 
necessary fees for attorneys.[6]
   
        At 
trial, the trial court set forth in its ruling on the record a detailed analysis 
and explanation of the applicability of the Property Code’s attorney’s fees 
and expenses award provisions in this case. The trial court’s interlocutory 
ruling, adopted in the final ruling, and final ruling state in part:
  
I believe–well, first, I–there is–whether anyone likes, I think that 
analysis by the Court or not–probably neither party likes this analysis by the 
Court–21.0195 does contain either a vagueness or an ambiguity on its 
face.  Subparagraph A and subparagraph C, while I won’t say they’re in 
conflict, they create an ambiguity that requires the Court to construe that 
ambiguity.  Subparagraph A says it applies only to the dismissal–and I 
agree with [Brown].  This is one of those matters where people need to be 
more careful about what they write that becomes a statute.  If what they 
meant to say was, these only apply to TxDOT cases, that isn’t what they said.

What they said was this only applies to the dismissal of a condemnation 
proceeding involving TxDOT, which doesn’t comport exactly with the language of 
subparagraph C which says if a court dismisses a condemnation proceeding on the 
motion of the department or as a result of the failure of the department to 
bring the proceeding properly the–I won’t say it’s a conflict, but the 
vagueness there is that a court can do things other than dismiss an entire 
proceeding that addresses the failure of a condemnor to bring an action 
properly.

[Brown]’s argument is, he wants to say the court should address it from the 
effect on the landowner, I should look through that end of the scope, and the 
State would say, no, you should look at it through the acts of the State and 
[through that end] of the scope. Did the State dismiss the action as 
controlling, or did the landowner file a motion to dismiss which got granted 
because now that’s bilateral? But the State wants me to look at it from the 
end of the scope that analyzes the event through what did the State do.

The landowner wants me to turn it around and look at the–and analyze the 
statute under what is the impact or effect on the landowner regardless of the 
procedural description of what got done. If it is tantamount to causing the 
landowner to have to do everything over again because of acts attributable to 
the State, the landowner says the Court should construe that as triggering the 
effect of 21.0195.

Because of the language in Subparagraph C of 21.0195 I believe the landowner’s 
correct about that, that the proper code construction of 21.0195, because of the 
existence of Paragraph C, is that the Court should analyze the applicability of 
21.0195 on what the effect was on the landowner rather than the procedural 
posture of what actually was taken by the State, result being that at least the 
third amended petition was found to have been erroneously proceeded on. And 
that’s bad grammar, but it was found to have been improperly brought by the 
State.

The action by the State bringing the third amended petition resulted–resulted 
in a judgment which was reversed not because there was an appraisal valuation 
methodology, not for a failure of the greater weight and preponderance of the 
evidence, not because of an admission of evidence error, not because of a 
failure of proof or a variation between pleadings and proof or any of those 
kinds of things, but because the Court found that by the State’s volitional 
action it took additional land, thus depriving the Court of subject matter 
jurisdiction because it’s a derivative jurisdiction case and tried a different 
case than the case it took before the special commissioners.

Now, as a practical matter, the effect on the landowner is exactly the same as 
if there had been a finding at the trial court level of an additional take 
resulting in a dismissal, either on motion of the State or on motion of the 
landowner.

Accordingly, while I understand [the State]’s arguments, the legislative 
history arguments and points about that, I believe that the existence of 
21.0195C, commencing with the word “or” in the second line, “or as a 
result of,” triggers the applicability of this statute and entitles these 
landowners in the Brown case to their remedies that they seek subject to proof.

Now, the Court could look at the legislative history to try and aid me in 
determining whether my analysis and my applicability of the Code Construction 
Act and my determination under 21.0195C as to the import, the validity, the 
purpose, the reason, the correct construction of 21.0195C is being applied by 
the Court, and that would be–then I would look at the legislative history, of 
which there is none about Subparagraph C. So I am not aided or assisted, and I 
have only the case law, the G[ra]cia case, the statute itself, and the facts of 
this case and the code construction act to guide me in making these 
determinations.

Because I think and take the position and therefore rule that the matters 
result– that placed this case in the posture it’s in right now result from a 
volitional act by the State in the filing of, insistence upon and obtaining the 
ruling to go to trial on the third amended petition, thus injecting the 
jurisdictional defect into the case resulting in the adverse ruling to the State 
by the Court of Appeals that the landowner is now privileged to establish its 
fees and costs. . . . And I’ll better frame and better articulate that in the 
form of any findings and conclusions that anybody wants, but those are going to 
be my rulings in connection with the applicability of the statute, the 
application of the statute to the facts, the interpretation of 21.0195, the 
applicability of the G[ra]cia case to the facts of this case.

We’ll call that the liability finding; that is, that the State is in fact 
liable for damages under 21.0195. . . .
. . . .

In addition, the Court still believes that the statutory scheme enacted by the 
legislature, although the Court has been put to some inferences and some 
interpretations and had to consider the meaning or applicability, in light of 
some language that isn’t particularly helpful, of 21.019 and 21.0195, the 
Court believes that the attorney fee recovery statute applies to this case, 
either 21.019, 21.0195, or both. It’s not necessary for the Court to determine 
that, because here I am going to find, so that the record is complete, that the 
events in this case, the history of this case, the procedural and substantive 
history of this case is effectively the same, as if the proceeding were 
dismissed for defects in its original presentation by the condemnor such that it 
triggers the policy behind the statute. And the policy behind the statute–in 
construing any code, I’m supposed to construe it in a way as not to reach an 
anomalous result. I’m supposed to construe it in a way that effectuates, to 
the extent I can know what it is, the legislative intent and purpose of the 
statute.

Here, the legislative intent and purpose of the statute, as the entire eminent 
domain statutory scheme and constitutional authority is based, operates or is 
designed to operate to favor the landowner on any close call. It’s designed to 
operate in such a manner that the State is held to a strict standard, is 
designed to prevent and prohibit the abuse of property owners through the 
filing–or the erroneous filing of condemnations or the filing of condemnation 
cases which are filed incorrectly and do not result in finality of judgment or 
do not result in the most efficient use of the condemnation authority and the 
most minimal invasion of the private property rights of the landowner.

Because I believe that to be the policy of the law, I’m going to construe the 
statute in that regard, and that’s the basis of my finding that the statute 
applies to this case. For the–anticipating it would be a State’s request, 
though, I’m also going to find that there was no motion to dismiss by that 
name, either by the landowner or the condemnor in this case, nor was there an 
order of dismissal in this case.

In addition, I’m going to find that the–that, frankly, a motion to 
dismiss–I guess I’m–just can’t resist adding it, that a motion to 
dismiss is a federal practice and probably wouldn’t have been applicable 
anyway–but to construe it in the light of this statute so that the Court of 
Appeals knows at least the basis on which the trial judge believes this case was 
postured, the pleadings by the condemnee did constitute a plea to the 
jurisdiction. They did raise the issue of lack of jurisdiction derivative into 
the trial court from the special commissioners because of the pleading 
amendment.

They did substantively raise the point that would have been raised, and the 
effective result was the reversal and remand of the case, which has the effect 
of accomplishing–or creating the same policy situation that the legislation, I 
believe, was designed to minimize, and that was the necessity to try two times a 
very, very expensive case because of an error in the bringing of the case by the 
condemnor. (emphasis added).
 
        We 
agree with and adopt the trial court’s analysis and reasoning in this case.[7]  The effect of this court’s decision in the first Brown 
case was to dismiss the State’s third amended petition because of the 
State’s “failure . . . to bring the proceeding properly.”[8]  
Consequently, after review of the record under the appropriate standard of 
review,[9] taking into account the principles of 
statutory construction,[10] and recognizing that 
eminent domain statutes should be construed in favor of the landowner,[11] we hold that the trial court did not abuse its 
discretion by awarding attorney’s fees and litigation expenses pursuant to 
section 21.0195.  Because the award was correct under section 21.0195, we 
do not reach the sub-issue of whether it was also correct under section 
21.019.  We overrule the State’s issue.
Conclusion
        Having 
held that the trial court did not abuse its discretion by awarding attorney’s 
fees and expenses, we affirm the trial court’s judgment.
 
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
     
PANEL A:   LIVINGSTON, 
DAUPHINOT, and HOLMAN, JJ.
DELIVERED: January 27, 2005

 
NOTES
 
1.  Tex. Prop. Code Ann. § 21.0195 (Vernon 
2004).
 
2.  See 
id. § 21.014.
 
3.  Brown 
v. State, 984 S.W.2d 348, 349 (Tex. App.—Fort Worth 1999, pet. denied).
 
4.  Id. 
at 349–50.
 
5.  Id. 
at 350–51.
 
6.  Tex. Prop. Code Ann. § 21.0195.
 
7.  See 
State v. PR Invs., 132 S.W.3d 55, 67 (Tex. App.—Houston [14th Dist.] 2004, 
pet. filed) (affirming award of attorney’s fees and expenses after dismissal 
on condemnee’s motion because the State filed an amended petition including 
plan not reviewed by the special commission); State v. Gracia, 56 S.W.3d 
196, 199, 202 (Tex. App.—Fort Worth 2001, no pet.) (affirming award of 
attorney’s fees and expenses upon dismissal entered after State filed motion 
for dismissal and condemnee filed plea to the jurisdiction).
 
8.  See 
Brown, 984 S.W.2d 349–50; Tex. 
Prop. Code Ann. § 21.0195(c).
 
9.  See 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied, 476 U.S. 1159 (1986); State v. S.W. Bell Tel. Co., 
526 S.W.2d 526, 528 (Tex. 1975); In re Talco-Bogata Consol. Indep. Sch. Dist. 
Bond Election, 994 S.W.2d 343, 347 (Tex. App.—Texarkana 1999, no pet.).
 
10.  Purdin 
v. Copperas Cove Econ. Dev. Corp., 143 S.W.3d 290, 294 (Tex. App.—Waco 
2004, pet. dism’d).
 
11.  Gracia, 
56 S.W.3d at 199.