**The STATE of Texas, Petitioner,**

v.

**J. Grady BROWN, Jr., Respondent.**

No. 05–0236.

Supreme Court of Texas.

Aug. 29, 2008.

---

28.   262 S.W.3d at 346.

29.   *In re BP Products N. Am., Inc.,* 244 S.W.3d 840, 845 (Tex.2008); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004).

Sherry L. Peel, John L. Ritts, Attorney General Greg W. Abbott, Barry Ross McBee, Edward D. Burbach, Grady Click and Kristina Weber Silcocks, Office of Attorney General, Austin, TX, for Petitioner.

Richard H. Kelsey, Lawrence Calvin Collister, John E. Kelsey, Scott Walker Hickey, Kelsey Kelsey Collister & Hickey, Denton, Douglas H. Conner III, Boyle & Lowry, L.L.P., Irving, TX, for Respondent.

Justice JOHNSON delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice WAINWRIGHT, Justice BRISTER, Justice MEDINA, Justice GREEN, and Justice WILLETT joined.

In this case, we consider whether the Property Code authorizes a landowner to recover fees and expenses from the State when the State amends its condemnation petition to seek property rights different from those it sought before the special commissioners. We hold that under the facts presented, it does not.

In December 1993, the State filed a petition seeking to condemn portions of two Denton County tracts of land owned by Grady Brown. The condemned property was for use in constructing improvements to Interstate Highway 35E and building a bypass for new State Highway 121. Pursuant to the Property Code, the trial court appointed three special commissioners to assess Brown's damages. *See* TEX. PROP.CODE § 21.014.[1] Both Brown and the State objected to the commissioners' award and sought a jury trial. Eleven days before trial the State sought leave to file its third amended petition for condemnation. The amended petition reduced the access to Brown's property from what had been originally proposed. Brown objected on the basis that the late filing would violate the trial court's scheduling order. He also asserted that the amendment seeking increased property rights would deprive the trial court of its appellate ju-

---

1. Further references to sections of the Property Code will be by reference to section num- ber.

risdiction. The trial court allowed the State to file the amended pleading.

The case was tried and appealed. *Brown v. State*, 984 S.W.2d 348, 349 (Tex. App.-Fort Worth 1999, pet. denied). On appeal, Brown renewed his complaints about the third amended petition. *Id.* The court of appeals reversed and remanded for a new trial on the condemnation claims that had been presented to the special commissioners. *Id.* at 350–51. As to Brown's claim that the amendment deprived the trial court of jurisdiction, the court said:

> If the condemning authority amends its petition of condemnation to take more land or reduce the rights of the condemned property owner after the action is appealed to the trial court, then that court lacks jurisdiction to hear the case because the amendment enlarged the taking from the proposed taking that the special commissioners considered.

*Id.* at 350. The court also considered the late-filing issue and concluded that "[t]he late filing of the State's third amended petition for condemnation operated as a surprise to Brown, and as a matter of law, prejudiced Brown's ability to effectively use his experts' opinions." *Id.*

The case went back to the trial court where Brown moved for assessment of attorney's fees and expenses pursuant to sections 21.019 and 21.0195. *See* Tex. Prop.Code §§ 21.019, 21.0195. The trial court granted the motion, and the case was retried to a jury. The trial court entered judgment on the jury verdict awarding damages to Brown and title of the property to the State. The judgment also recited that pursuant to sections 21.019 and 21.0195, Brown was entitled to fees and expenses in the total amount of $413,040.52.

The State appealed the award of fees and expenses. The court of appeals affirmed on the basis of section 21.0195. 158 S.W.3d 68, 72–73. In doing so, the court quoted with approval the trial court's explanation for awarding fees and expenses to Brown:

> Because of the language in Subparagraph C of 21.0195 I believe the landowner's correct about that, that the proper code construction of 21.0195 ... is that the Court should analyze the applicability of 21.0195 on what the effect was on the landowner rather than the procedural posture of what actually was taken by the State, result being that at least the third amended petition was found to have been erroneously proceeded on. And that's bad grammar, but *it was found to have been improperly brought by the State.*
>
> . . . .
>
> Now, as a practical matter, the effect on the landowner is exactly the same as if there had been a finding at the trial court level of an additional take resulting in a dismissal, either on motion of the State or on motion of the landowner.
>
> . . . .
>
> ... [H]ere I am going to find, so that the record is complete, that the events in this case, the history of this case, the procedural and substantive history of this case is effectively the same, as if the proceeding were dismissed for defects in its original presentation by the condemnor such that it triggers the policy behind the statute.
>
> . . . .
>
> ... [T]he effective result was the reversal and remand of the case, which has the effect of accomplishing-or creating the same policy situation that the legislation, I believe, was designed to minimize, and that was the necessity to try two times a very, very expensive

case because of an error in the bringing of the case by the condemnor.

*Id.* at 70–72. The court of appeals, after adopting the trial court's analysis and reasoning, noted that "[t]he effect of this court's decision in the first Brown case was to dismiss the State's third amended petition because of the State's 'failure . . . to bring the proceeding properly.' " *Id.* at 72. The State appeals to this Court contending that Brown was not entitled to recover fees and expenses. The trial court relied on both sections 21.019 and 21.0195 in awarding Brown attorney's fees, but the court of appeals discussed only section 21.0195.[2] Section 21.019(b) provides generally for the award of fees and expenses when the court dismisses the proceedings on the condemning authority's motion, and section 21.0195(c) does the same for cases in which the condemning authority is the Texas Department of Transportation (TxDOT) or when the case is dismissed because TxDOT failed to bring the proceeding properly. The relevant portions of Property Code Sections 21.019 and 21.0195 provide as follows:

21.019. Dismissal of Condemnation Proceedings

(b) A court that hears and grants a motion to dismiss a condemnation proceeding made by a condemnor under Subsection (a) shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.

21.0195. Dismissal of Certain Condemnation Proceedings; Texas Department of Transportation

(c) If a court dismisses a condemnation proceeding on the motion of the department or as a result of the failure of the department to bring the proceeding properly, the court shall make an allowance to the property owner for the value of the department's use of the property while in possession of the property, any damage that the condemnation has caused to the property owner, and any expenses the property owner has incurred in connection with the condemnation, including reasonable and necessary fees for attorneys.

■ Section 21.0195 applies "only to dismissal of a condemnation proceeding for which a motion is made on or after the effective date [September 1, 1997] of this section." Act of June 1, 1997, 75th Leg., R.S., ch. 1171, § 1.46(b), 1997 Tex. Gen. Laws 4427, 4447. The State contends that section 21.0195 is inapplicable because it was not in force when the State allegedly moved for dismissal by filing amended pleadings. Brown responds that the court of appeals effectively dismissed the proceedings for being improperly brought when it remanded the case for a new trial on the State's original petition, which occurred well after the statute's effective date. Assuming, without deciding, that section 21.0195 applies, it does not support an award of fees and expenses in this situation.

After the court of appeals issued its opinion in this case, we considered and decided *PR Investments & Specialty Retailers, Inc. v. State,* 251 S.W.3d 472 (Tex. 2008). In *PRI,* the State, acting through TxDOT, filed suit to condemn part of a tract of land in Houston that was owned by PRI. *Id.* at 473. Commissioners were

---

**2.** While the court of appeals did not address section 21.019, the parties do. Because of our disposition as to section 21.0195, we address the applicability of section 21.019 rather than remanding to the court of appeals for further consideration. *See* Tex.R.App. P. 60.2(c).

appointed, but both parties were dissatisfied with the commissioners' assessed damages. *Id.* at 474. Shortly before trial, TxDOT changed the design of its road construction plan, thereby altering slightly the nature of the taking. *Id.* PRI objected and filed a motion to dismiss, but TxDOT maintained that any trial based on the original plan would be a sham. *Id.* The trial court ruled that TxDOT could only try the case based on the plan that was presented to the commissioners, dismissed TxDOT's suit for lack of jurisdiction, and assessed fees and costs. *Id.* The court assessed fees and costs under both the Texas Rules of Civil Procedure and section 21.0195(c) because TxDOT failed "to bring the proceeding properly." *Id.* at 475. The court of appeals reversed, and we affirmed the reversal.

In doing so, we addressed three issues of relevance to this matter. First, we noted that the plain language of section 21.018(b) directs condemnation cases to be tried in the same manner as other civil cases. That includes allowing amendment of pleadings. Second, we held that the trial court was not deprived of jurisdiction when TxDOT amended its pleadings and changed compensation issues from those presented to the commissioners:

> In sum, the relevant statutes and case law do not require TxDOT to specify in its petition the precise signs, striping, lanes, and the like that it intends to construct when it condemns property for road construction. Nor is TxDOT prohibited from changing those design specifics after the special commissioners' hearing, even if the change of plans will affect the value of the property owner's remaining tract. Such a change of plans does not divest the trial court of jurisdiction to proceed after the special commissioners have ruled and to "try the case in the same manner as other civil causes." In these circumstances the statutory scheme does not require TxDOT to start over with a new petition, a new hearing before the special commissioners, and payment to Petitioners of all the fees and expenses they incurred in the first administrative proceeding.

*Id.* at 478–79 (quoting TEX. PROP.CODE § 21.018(b)). Third, we held that TxDOT did not fail "to bring the proceeding properly;" it met the requirements of section 21.012 for bringing the condemnation suit and the trial court had jurisdiction. *Id.* at 479. Accordingly, fees and expenses were not properly awarded under the statute. Id. We remanded the case for reconsideration of sanctions available under the Texas Rules of Civil Procedure. *Id.* at 480.

The trial court in this case specifically found that no motion to dismiss had been filed and no order of dismissal had been entered. As a basis for awarding fees and expenses to Brown, however, it reasoned that the State's amendment of its planned use for the condemned property had the practical effect of dismissal because it resulted in the case having to be retried with the attendant increased expenses to Brown. 158 S.W.3d at 72.

Section 21.0195 does not admit of such an interpretation. Although TxDOT filed its third amended petition late, and the court of appeals held that it surprised and prejudiced Brown, the late amendment was no more than a procedural trial error; it neither dismissed the proceeding nor deprived the trial court of jurisdiction so that recovery of all fees and expenses under section 21.019 or 21.0195 became available. Section 21.0195 is entitled "Dismissal of Certain Condemnation Proceedings; Texas Department of Transportation." Subsection 21.0195(a) provides that "[t]his section applies only to the dismissal of a condemnation proceeding" involving the

Texas Department of Transportation. Such language must be considered in reading subsection 21.0195(c). *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003) (noting that we "read the statute as a whole and interpret it to give effect to every part."). And, it is appropriate for us to consider the title of the section in construing it. TEX. GOV'T CODE § 311.023. Legislative intent is clear from the context of the caption of the section, the language of subsection 21.0195(a) and the first phrase of subsection 21.0195(c): fees, expenses and damages can be awarded under subsection 21.0195(c) only if the condemnation proceeding is dismissed. In this case, the proceeding was not dismissed.

We recently interpreted section 21.019 to require condemnation proceedings to be dismissed before fees and expenses could be awarded but held that there was such an overwhelming change in the compensation facts that a functional dismissal of the original condemnation suit had occurred. *See FKM P'ship v. Bd. of Regents of the Univ. of Houston,* 255 S.W.3d 619 (Tex. 2008). In *FKM,* the condemnor amended its pleadings during the pendency of the condemnation suit to reduce the property it originally sought to condemn by over ninety-seven percent. *Id.* at 625. The landowner was allowed to recover fees and expenses as provided for by section 21.019(b) despite the lack of an actual dismissal. *Id.* at 634–35.

The operative facts in this case are strikingly similar to those in *PRI,* but not those in *FKM.* Here TxDOT amended its pleadings to seek the same land it sought to condemn in its presentation to the special commissioners, albeit with a different configuration. The amended pleadings did not effect either an actual dismissal of its condemnation proceedings or the functional equivalent of a dismissal. Because the plain language of section 21.019 requires a condemnation proceeding to be dismissed before fees and expenses may be recovered from the condemning authority, Brown is not entitled to recover fees and expenses.

■ Referencing *PRI,* the dissent would remand for the trial court to consider whether "appropriate sanctions" are warranted against the State because of its late-filed amended petition. In *PRI,* the landowner sought sanctions against TxDOT in the trial court and the trial court awarded PRI fees and expenses both pursuant to section 21.0195(c) and as sanctions under Texas Rules of Civil Procedure 13 and 215. 251 S.W.3d at 475. Brown did not seek fees and expenses as sanctions in the trial court, nor did the trial court award them as sanctions. Furthermore, Brown does not seek a remand for the trial court to consider sanctions. A party generally is not entitled to relief it does not seek. *See Stevens v. Nat'l Educ. Ctrs., Inc.,* 11 S.W.3d 185, 186 (Tex.2000); *Horrocks v. Tex. Dep't of Transp.,* 852 S.W.2d 498, 499 (Tex.1993) (noting that only the relief requested by a party is the relief to which it is entitled). We do not believe it proper to sua sponte grant relief Brown has not sought.

For the foregoing reasons we grant the State's petition for review. Without hearing oral argument, we reverse the court of appeals' judgment and render judgment that Brown take nothing on his claim for attorney's fees and expenses.

Justice O'NEILL filed an opinion concurring in part and dissenting in part.

Justice O'NEILL, concurring in part and dissenting in part.

I agree fully with the Court's conclusion that Property Code sections 21.019 and 21.0195 do not authorize the award of all

fees and expenses under these circumstances. I dissent only because I would remand the case, rather than render judgment, so that the trial court may consider imposing any sanctions available under the Texas Rules of Civil Procedure. *See, e.g.,* Tex.R. Civ. P. 13 (authorizing sanctions when a pleading is groundless or not brought in good faith); Tex.R. Civ. P. 70 (permitting a trial court to require a party whose amended or supplemental pleading surprises and prejudices another party to pay the additional costs and expenses incurred by the surprised party as a result of the surprise); Tex.R. Civ. P. 215 (providing for sanctions when a party abuses or fails to comply with discovery proceedings and requests).

As the Court notes, we recently held that such sanctions against a condemning authority are available because Property Code section 21.018(b) stipulates that condemnation trials are to be conducted in the same manner as any other civil trial. *PR Invs. & Specialty Retailers, Inc. v. Texas,* 251 S.W.3d 472, 480 (Tex.2008). As we noted in *PR Investments,* appropriate sanctions under the Rules of Civil Procedure may not constitute the entirety of the fees and costs; for example, perhaps only the costs associated with the untimeliness of the amendment to the petition are available here. Because *PR Investments* was decided after the trial court's decision, in the interests of justice and fairness, I would remand to permit the trial court to consider sanctions under the Rules of Civil Procedure in light of *PR Investments.*