**Reversed and Rendered and Majority and Dissenting Opinions filed March 29, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00426-CV

---

### STATE OF TEXAS, Appellant

### V.

### D.D.M., Appellee

---

### On Appeal from the 209th District Court
### Harris County, Texas
### Trial Court Cause No. 1663415

---

## D I S S E N T I N G   O P I N I O N

Lawyers my age remember when a trial judge could grant a new trial on no grounds or coffee grounds. Those days are gone, or so I thought. Today the court resurrects the power to grant a new trial when there was nothing wrong with the trial. Because this is no longer the law, I dissent.

The issue in this case is whether a trial court, in response to a motion for new

trial on which no hearing was held, may consider (1) documents that were neither offered nor admitted at trial and (2) arguments not made at trial, then render a new judgment based on those documents and arguments. The trial court thought the answer was, "No," and denied that motion for new trial.

This court, however, renders judgment based on that motion for new trial, notwithstanding:

• lack of error—fundamental or reversible—in the trial court's final order;

• Texas Rule of Civil Procedure 320's restriction of the proper relief on a motion for new trial to just that, a new trial;

• lack of an evidentiary hearing at which the trial court could have served as gatekeeper and admitted evidence on the motion for new trial; and

• supreme court precedent.

Appellate courts properly review what happened in the court below, not what the appellate court thinks should have happened. This court's judgment is erroneous.

The trial was a civil-expunction proceeding in which no evidence was offered at trial by the State of any previous convictions. In fact, neither the State nor any other opposing party appeared at trial. Appellee D.D.M. was the petitioner, and the expunction order named as party respondents the State of Texas[1] and the Harris County District Clerk.[2]

The final expunction order states, "the State of Texas has been notified of the petitioner's request." The court's docket sheet notes that appellee did not appear at

---

[1] I do not question that the State is a proper party.

[2] Appellee named the following agencies in his petition to be notified and the agencies were listed in the expunction order: Harris County Sheriff's Department; Department of Public Safety; Harris County Pretrial Services; and Office of Court Administration.

trial but otherwise does not note any other appearance or nonappearance.[3] With no party or agency offering any argument or evidence opposing the petition, the trial court signed a final order granting the appellee's petition for expunction based on his acquittal.[4] There is simply *no error* in the trial court's judgment.

The State filed a motion for new trial and attached what appear to be certified copies of previous convictions.[5] Had the State appeared at trial and offered those documents into evidence, the trial court would have a different case before it and the ability to grant the relief the State requested.[6] Had the State offered (1) an explanation for not appearing at trial or (2) a claim of newly discovered evidence in its motion for new trial, once again the trial court would have a different case before it and might have the ability to grant the relief the State requested. But none of that happened.

Instead, the trial court considered the motion for new trial on written submission. Nothing in the trial court's order denying the motion for new trial suggests the trial court sua sponte admitted the attachments into evidence or otherwise considered them. The trial court's order denying the motion for new trial states, "there is no evidence that the defendant's prior case[s] were out of the same transaction nor of a common scheme or plan." As no evidence was offered or

---

[3] *See* Tex. Code Crim. Proc. Ann. art. 55.02 (procedure for expunction), §§ 1 (trial court may order expunction "[a]t the request of the acquitted person and after notice to the state"), 2(c) ("The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing[.]").

[4] There is no reporter's record from the trial, and the court reporter notified this court that no record exists.

[5] The State asked for a new trial: "For the foregoing reasons, the District Attorney respectfully requests the Court to grant a new trial in the instant cause."

[6] Without a hearing, the trial court cannot serve in its role as the gatekeeper over contested evidentiary disputes.

admitted, the trial court's statement is correct.[7]

Only the State filed a notice of appeal.[8] The State offered no explanation for its failure to appear at trial.[9] Neither does the State make an argument on appeal that documents attached to a motion for new trial constitute evidence; indeed, such a theory conflicts with well-settled precedent.[10] While there is law on the civil side

[7] This court reads the same quote but interprets it to mean the trial court admitted the attached documents in evidence. Even if this were a plausible reading, and I do not think it is, I am not aware of any authority that allows an appellate court to construe language in a judgment or post-judgment order in a way that creates reversible error when the alternate construction would support the judgment and any post-judgment order. There is no rebuttable presumption that the trial court committed reversible error; instead, it is an appellant's burden to preserve reversible error in the trial court and to present and argue that alleged error to the appellate court in its brief. *See* Tex. R. App. P. 33.1 (preservation of error), 38.1(f) (issues presented), (i) (argument), 44.1 (reversible error in civil cases).

Similarly, this court cites Texas Rule of Appellate Procedure 38.1(g) to establish a "fact"— that "MAN/DEL CS PG 1 <1GRAM" in the document attached to the motion for new trial describes an offense related to the controlled substance cocaine. This court's argument ignores the troublesome reality that the attached document was never admitted in evidence at any stage of the proceedings. I also am extraordinarily skeptical that Rule 38.1(g) can be used to establish a fact that the record establishes was not found at trial. The "fact" this court describes is an interpretation of a document not in evidence, not a fact in the traditional sense.

[8] *But see* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) ("The *person* who is the subject of the expunction order or an *agency* protesting the expunction may appeal the court's decision in the same manner as in other civil cases.") (emphasis added). No agency protested the expunction at the expunction hearing. This court does not explain whether (1) the State is an "agency" for the purpose of appeal and (2) whether the statutory right of appeal in Code of Criminal Procedure article 55.02, section 3 applies to "an agency protesting the expunction" when the "protest" occurred post-trial, i.e., after the expunction hearing. This raises the possibility of a want of subject-matter jurisdiction, which is unwaivable fundamental error this court does not address.

[9] This is not a criminal case, and accordingly rules and statutes governing new trials in criminal cases do not apply. *See, e.g.*, Tex. R. App. P. 21; Tex. Code Crim. Proc. Ann. art. 40.001.

[10] While the supreme court has held that affidavits attached to a motion for new trial in a civil case "do not have to be offered into evidence in order to be considered by the trial court," the records at issue here are not affidavits. *See Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). Post-*Evans*, this court has declined to consider records that were not admitted into evidence at trial or at a hearing on a motion for new trial. *See, e.g.*, *Duruji v. Duruji*, No. 14-05-01185-CV, 2007 WL 582282, at *5 (Tex. App.—Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.) (holding that foreign divorce decree attached to pleading but not admitted into evidence at trial or hearing on motion for new trial "was not before the trial court for consideration" and collecting cases for proposition that documents attached to pleadings are

that a new trial may be granted due to "newly discovered" evidence, there is nothing in the record indicating the State was not aware of, or could not have offered, the evidence of the alleged previous convictions at trial.[11]

In its motion for new trial, the State does not argue that the trial erred in granting the petition for expunction; rather, the State makes the argument it could have made if it had appeared at trial. Accordingly, this is not an issue of waiver. *See* Tex. R. App. P. 33.1(a). Instead, it is a case in which the motion for new trial does not identify *any* error merged into the final order.

Even if the State had requested an evidentiary hearing on its motion for new trial, explained why it failed to appear at trial, and offered and gained admission of its evidence in the trial court, the greatest relief the trial court could have granted under Texas Rule of Civil Procedure 320 was a new trial.[12] Yet this court grants more, reversing the trial court when the trial court did not err, and rendering a judgment when the State asked "the Court to grant a new trial."[13] Simply put, this

---

not evidence). Specific to the motion for new trial, this court explained that, because appellant did not introduce any exhibits into evidence at the hearing on his motion for new trial, "[a]s a result, the documents he relies on in this appeal were not submitted as evidence for the trial court to consider in connection with the motion for new trial." *Id.* at *6. For the same reason, this court refused to consider the records. *See id.*

[11] *Cf. Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (for "newly discovered" evidence to be considered on motion for new trial, moving party must show, among other things, that "the evidence has come to its knowledge since the trial" and "its failure to discover the evidence sooner was not due to lack of diligence").

[12] As explained by one of our sister courts in an expunction proceeding: "The greatest relief that an order granting a motion for new trial can afford is, simply, a new trial and not a final disposition on any underlying live pleadings in the case." *In re J.J.R.*, 599 S.W.3d 605, 612 (Tex. App.—El Paso 2020, no pet.) (citing Tex. R. Civ. P. 320 ("*New trials* may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct.") (emphasis added)). And the supreme court has held that a party is not entitled to relief it does not request. *State v. Brown*, 262 S.W.3d 365, 370 (Tex. 2008); *see supra* note 5.

[13] This court also reverses without explanation as to the nonappealing Harris County District Clerk and the agencies named by appellee.

court has rendered the judgment this court thinks the trial court should have rendered, even though the trial court followed the law in denying the motion for new trial, and even though the trial court could not have granted on motion for new trial the relief this court now grants.

Perhaps this court believes that expunction proceedings are fundamentally different from "other civil cases"[14] and that the Texas Rules of Civil Procedure, the Texas Rules of Appellate Procedure,[15] and longstanding supreme court precedent do not apply. Nothing in the Code of Criminal Procedure suggests that appellate courts are empowered to fix expunction proceedings de novo by elevating the statutory requisites for expunction to the level of fundamental error that need not be preserved, such that this court must address them even if the parties do not raise it.[16] Yet that is what this court has done. The supreme court rejected this view of subject-matter jurisdiction over a generation ago.[17]

But unless the reason for this exceptional deviation from current

---

[14] *See supra* note 8.

[15] Tex. R. App. P. 43.2(c) (allowing reversal and rendition), 44.1(a) (setting standard for reversible error). Rule 43.2(c) applies only when rendition is the proper remedy. The supreme court made this point crystal clear in *Stevens v. National Education Centers., Inc.*, 11 S.W.3d 185 (Tex. 2000). That case involved charge error for which the proper remedy was remand. *Id.* at 186. The supreme court declined to reach the merits of the petition for review because appellant "specifically requested that this Court not remand for a new trial and prayed only for rendition," which was not "appropriate relief" under the circumstances. *Id.* The lesson is obvious—an appellate court may not render judgment when that is not the appropriate remedy.

[16] *See* Tex. Code Crim. Proc. Ann. art. 55.01(c) ("A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode."). Does this court think the trial court has an affirmative duty to independently search for such evidence? *See* Tex. Code Jud. Conduct, Canon 3(B)(8).

[17] *See generally Kazi v. Dubai Petroleum Co.*, 12 S.W.3d 71 (Tex. 2000).

motion-for-new-trial practice is limited to expunction cases, civil trial practitioners have good reason to question what seemed to be settled precedent.[18] For civil cases generally or even just expunction cases, I do not believe Texas is returning to the days when no grounds or coffee grounds will support granting a new trial.

Unless this appeal should be dismissed for want of subject-matter jurisdiction,[19] this appeal is simple. There is no error—either reversible or fundamental—in the trial court's final order or the order on the motion for new trial. The final order should be affirmed. Accordingly, I dissent.

/s/     Charles A. Spain
         Justice

Panel consists of Justices Jewell, Spain, and Wilson (Jewell, J., majority).

---

[18] *See In re Toyota Motor Sales, USA, Inc.*, 407 S.W.3d 746, 757 (Tex. 2013).

[19] *See supra* note 8.