**AFFIRM; Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00282-CV

**THE STATE OF TEXAS BY AND THROUGH THE CITY OF DALLAS, Appellant**
**V.**
**DALLAS PETS ALIVE, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00590-E**

## OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

The State of Texas by and through the City of Dallas[1] appeals an order denying its plea to the jurisdiction. In two issues, appellant urges that the trial court lacks subject-matter jurisdiction over Dallas Pets Alive's direct appeal of a municipal court's order pursuant to section 822.003 of the health and safety code. We affirm the trial court's order.

### BACKGROUND

In late 2016, Dallas Animal Services took in a pit bull terrier-type dog, Rusty, and soon thereafter Dallas Pets Alive ("DPA"), a non-profit animal rescue organization, accepted Rusty and placed him in foster care. On December 16, 2017, DPA took Rusty to an adoption event held at a

---

[1] Appellant's briefing and documents at the county courts at law identify appellant as "State of Texas by and through the City of Dallas." We express no opinion as to whether appellant represents the State of Texas by and through the City of Dallas and hereinafter will refer to the appealing party as "appellant."

public park, at which Rusty bit and injured a two-year-old child. Rusty was taken to Dallas Animal Services for a mandatory ten-day bite quarantine. After that quarantine period had expired, a City of Dallas animal control officer signed an affidavit for probable cause requesting a warrant to seize Rusty for causing death or serious bodily injury to a person pursuant to section 822.002 of the health and safety code. A municipal court held a hearing to determine whether Rusty caused serious bodily injury to a person by attacking, biting, or mauling the person. Based on the testimony and evidence presented, the municipal court found that Rusty attacked, bit, and mauled a minor child, resulting in serious bodily injury to the child as defined by section 822.001(2) of the health and safety code. On January 5, 2018, pursuant to section 822.003(e) of the health and safety code, the municipal court ordered the dog to be humanely euthanized on January 16, 2018.

On January 10, 2018, DPA filed a notice of appeal in the county courts at law, seeking to appeal the municipal court order. That appeal was assigned to County Court at Law No. 5. On February 22, 2018, appellant filed a plea to the jurisdiction in County Court at Law No. 5, in which appellant urged the county court at law lacked subject-matter jurisdiction over DPA's appeal because Subchapter A of Chapter 822 of the health and safety code did not contain a right of appeal. DPA responded to appellant's plea, urging that it had a right to appeal pursuant to both Chapter 822 of the health and safety code and section 30.00014 of the government code, which addresses "the right of appeal from a judgment or conviction in a municipal court of record." On March 9, 2018, the county court at law conducted a hearing on the plea to the jurisdiction, and later that day issued an order denying appellant's plea to the jurisdiction. Appellant timely appealed that decision to this Court.

## STANDARD OF REVIEW

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). It is never presumed and

cannot be waived. *Id.* at 443–44. An appellate court is obligated, even sua sponte, to determine the threshold question of jurisdiction. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The existence of subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The construction of a statute is also a question of law we review de novo. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). When interpreting a statute, we look first to the plain meaning of the words used. *Id.* If the statute is clear and unambiguous, we apply its words according to their common meaning in a way that gives effect to each word, clause, and sentence. *Id.* We do not resort to extrinsic aides, such as legislative history, to interpret a clear and unambiguous statute. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016).

Generally, a plea to the jurisdiction may challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *City of Dallas v. E. Vill. Ass'n*, 480 S.W.3d 37, 42 (Tex. App.—Dallas 2015, pet. denied). When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id.* When the plea appropriately challenges jurisdictional facts, we consider evidence submitted by the parties. *Id.* In performing our review, we do not look to the merits of the claimant's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Id.* If the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *Id.* This standard mirrors our review of summary judgments. *Id.*

DISCUSSION

At the trial court, DPA urged, as it continues to do so on appeal, that the county court at law has jurisdiction to hear the appeal from the municipal court's order under both Chapter 822 of the health and safety code and section 30.00014(a) of the government code. Appellant claims otherwise, arguing that neither chapter 822 nor section 30.00014(a) provides a right of appeal from a Dallas municipal court's determination that a dog caused death or serious bodily injury to a person. Appellant further urges that even if there is a right to appeal pursuant to section 30.00014(a), there is no court in Dallas County that can exercise jurisdiction over such an appeal.

## I. Appeal under Chapter 822 of the Health and Safety Code

In its first issue, appellant argues that Subchapter A of Chapter 822 of the health and safety code does not contain a right to appeal a determination that a dog caused death or serious bodily injury to a person. *See id.* §§ 822.001–.007.

Chapter 822 of the health and safety code broadly covers topics relating to animals and is divided into five subchapters. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 822.001–.116. Subchapter A is very specific and addresses dogs that attack persons or are a danger to persons. *See id.* §§ 822.001–.007. Subchapter D more broadly addresses dangerous dogs and provides for (1) a right to appeal to a county court or a county court at law a determination a dog is dangerous under section 822.0421 and (2) a hearing to determine whether a dog is dangerous or whether the owner of a dangerous dog has complied with statutory requirements under section 822.0424. *See id.* §§ 822.041–.0424. Both Subchapters A and D contemplate judicial proceedings related to dogs that present a danger to people. In contrast, Subchapters B and C do not contemplate judicial

–4–

proceedings,[2] and Subchapter E addresses wild, not domesticated, animals.  *See id.* §§ 822.011–.035, .101–.116.

Appellant acknowledges that Subchapter D provides for a right to appeal a determination that a dog is generally dangerous, but it urges that the right of appeal it creates is limited to proceedings citing and applying only that subchapter and may not be extended to allow for appeal from a determination of whether a dog actually caused serious bodily injury.  DPA responds that Chapter 822 should be read in light of government code 311.021, which provides:

In enacting a statute, it is presumed that:

(1) compliance with the constitutions of this state and the United States is intended;

(2) the entire statute is intended to be effective;

(3) a just and reasonable result is intended;

(4) a result feasible of execution is intended; and

(5) public interest is favored over any private interest.

TEX. GOV'T CODE ANN. § 311.021.

Both appellant and DPA point to a decision from the Tyler Court of Appeals, *Hayes v. State*, in which that appellate court construed Subchapters A and D together "as a whole, not in isolation," and noted Texas law does not favor the forfeiture of property rights and that statutes are to be construed in favor of the right to appeal.  *Hayes v. State*, 518 S.W.3d 585, 590 (Tex. App.—Tyler 2017, no pet.).  The *Hayes* court continued to note that "section 51.001 (of the government code) provides a right to appeal a justice court's ruling . . . ," and concluded that because Subchapter A did not expressly deny or restrict a right to appeal and in light of the right to appeal a justice court's ruling under section 51.001, Hayes was entitled to appeal to the county

---

[2] Subchapter B prohibits allowing dogs or coyotes that are a danger to animals to run at large and provides for the killing and control of dogs or coyotes that attack animals.  *See* HEALTH & SAFETY §§ 822.011–.013.  Subchapter C provides for the registration and regulation of dogs.  *See id.* §§ 822.021–.035.

court at law an order pursuant to Subchapter A. *See id.* at 590–91. Appellant urges that *Hayes* was wrongly decided in that the appellate court should not have applied a liberal standard for determining the right to appeal and that the right to appeal is a privilege that does not exist by implied right. DPA urges this Court to follow *Hayes* in order to avoid the "great injustice" of permitting an appeal of a determination under Subchapter D, but not under Subchapter A.

We decline to adopt appellant's interpretation of Chapter 822. Nor do we adopt the analysis utilized in *Hayes*. Instead, because Subchapter D more broadly addresses dangerous dogs that attack persons and cause bodily injury or cause those persons to reasonably believe the dogs will cause bodily injury and Subchapter A more specifically addresses dogs that cause serious bodily injury or death to persons, we conclude that Subchapter A is subsumed by Subchapter D, and therefore, the right to appeal provided in Subchapter D applies to appeals of proceedings provided in Subchapter A. *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("When interpreting each provision, we must consider the statutory scheme as a whole."); *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017) ("[W]e consider the context and framework of the entire statute and meld its words into a cohesive reflection of legislative intent."). Our conclusion is further supported by the presumption that a just and reasonable result is intended. *See* GOV'T § 311.021. Accordingly, we conclude the appellate remedy provided in Subchapter D should be applied to Subchapter A such that the county court at law had jurisdiction to hear the appeal of the municipal court's decision. *See* HEALTH & SAFETY § 822.0424(a) (providing for right to appeal to county court at law in which municipal court is located).

We overrule appellant's first issue.

## II. Appeal under Section 30.00014(a) of the Government Code

The parties also debate whether the county court at law has jurisdiction under the general statute section 30.00014(a) of the government code, which creates a right of appeal from any judgment or conviction in a municipal court of record. *See* GOV'T § 30.00014(a). In its second issue, appellant urges that even if section 30.00014(a) applies to appeals from a determination under Subchapter A of Chapter 822, there is an irreconcilable conflict between that provision and section 25.0593 of the government code, which creates county criminal courts in Dallas County and precludes exercise of jurisdiction over civil matters. *See id.* §§ 25.0003(a), (c); 25.0593(a), (m) (providing criminal jurisdiction for Dallas County criminal courts and excluding application of section 25.0003(a) and (c) of the government code that provide for jurisdiction over civil proceedings, respectively). Appellant points to a decision from the Fort Worth Court of Appeals where that court construed the statute creating county criminal courts in Tarrant County as creating an irreconcilable conflict with section 822.0421(b) of the health and safety code. *See In re Loban*, 243 S.W.3d 827, 830 (Tex. App.—Fort Worth 2008, no pet.) (citing HEALTH & SAFETY § 822.0421(b)) (providing that owner of alleged dangerous dog "may appeal the decision of the . . . municipal court in the same manner as appeal from other cases from the . . . municipal court" but was later amended in 2015 to provide for appeal "to a county court or county court at law in the county in which the . . . municipal court is located"). In particular, the statute creating county criminal courts in Tarrant County affirmatively stated that such courts cannot hear civil matters. *See* GOV'T § 25.2223(a) ("A county criminal court in Tarrant County has jurisdiction over all criminal matters and causes . . . but does not have civil jurisdiction.").

In view of our disposition of appellant's first issue, we need not entertain the question of whether section 25.0593 would likewise create a similar irreconcilable conflict with section 30.00014(a) and pretermit discussion of same.[3]

## CONCLUSION

We affirm the trial court's order denying appellant's plea to the jurisdiction.


/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE


Lang, J., dissenting

180282F.P05

---

[3] We would also be obliged by section 311.021 of the government code to read section 30.00014(a) to avoid potentially significant constitutional questions where the text can be so read. *See* GOV'T § 311.021(1); *see also Stockton v. Offenbach*, 336 S.W.3d 610, 618 (Tex. 2011) ("we are obligated to avoid constitutional problems if possible"). Without deciding the issue, we note the existence of possible constitutional issues that might arise from the provision of disparate rights to citizens based on county of residence without a reasonable basis for the classification. *See, e.g.*, TEX. CONST. art. I, § 3 (equal rights); *Maple Run at Austin Mun. Util. Dist. v. Monaghan*, 931 S.W.2d 941, 945 (Tex. 1996) (citing TEX. CONST. art. III, § 56).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS BY AND
THROUGH THE CITY OF DALLAS,
Appellant

No. 05-18-00282-CV        V.

DALLAS PETS ALIVE, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-00590-E.
Opinion delivered by Justice Schenck,
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DALLAS PETS ALIVE recover its costs of this appeal
from appellant THE STATE OF TEXAS BY AND THROUGH THE CITY OF DALLAS.

Judgment entered this 21st day of December, 2018.