**REVERSE and REMAND in part and RENDER; Opinion Filed November 14, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00702-CV**

**KAMILAH TODD, Appellant**
**V.**
**SOUTHERN METHODIST UNIVERSITY AND GRETA A. DAVIS, AN INDIVIDUAL, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-11705**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

Kamilah Todd appeals the trial court's order granting appellees Southern Methodist University ("SMU") and Greta A. Davis's plea to the jurisdiction. In two issues, Todd argues the trial court erred by granting the plea and by denying her motion for new trial. We reverse the trial court's order to dismiss and remand this case to the trial court for proceedings consistent with this opinion. Because the dispositive issues in this case are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

BACKGROUND

After receiving an undergraduate degree at SMU in 2015, Todd applied and was accepted into SMU's Dispute Resolution and Counseling Program ("Program"). Todd successfully completed several courses in the Program, but in the spring term of 2019, Todd was notified that she had failed the course titled Advanced Clinical Methods ("ACM").[1] Todd successfully pursued an appeal of the ACM course grade through multiple internal levels of review.

At or about the same time she pursued an appeal of her course grade, Todd pursued a separate appeal of a remediation plan; the course syllabus required a remediation plan whenever a student's performance in the Clinical Progress Assessment ("CPA") component of the ACM course was assessed as deficient, as Todd's performance was in the opinion of her instructor. Todd pursued her remediation appeal to a hearing before an appeal committee, who, on January 15, 2020, communicated their ruling that "the plan should not stand." On its face, the ruling did not specify what, if any, actions would be necessary or appropriate by way of further instruction or remediation in order for Todd to advance academically. While her remediation plan appeal was pending, Todd was not permitted to enroll in the program's Practicum course, which involved "meeting with real clients in the

---

[1] The course description in the syllabus attached to Todd's petition describes the ACM course as having "an emphasis on practicing counseling skills" and that "[e]valuation will be based on several factors, including strengths and deficits in intrapersonal and interpersonal counseling skills as demonstrated in role-play and/or written assignments."

training clinic," as opposed to the ACM course, which utilized students as the clients in classroom exercises and projects.

On August 21, 2020, Todd filed suit against SMU and Davis, who was the Chair of SMU's Department of Dispute and Counseling at all times relevant to Todd's suit. In her petition, Todd asserted claims for, *inter alia*, declaratory relief and breach of contract. In addition to compensatory and punitive damages for the financial loss and physical and emotional distress appellees' actions allegedly caused her, Todd requested the trial court make several declarations, including that Todd be permitted to enroll in the remaining courses to complete her degree in the Program.

After filing a joint answer, in November of 2020, SMU and Davis jointly filed a plea to the jurisdiction, in which they argued Todd's claims were not ripe for judicial review because she still has the opportunity to complete the Program upon successful completion of a remediation plan. The plea also argued the trial court should dismiss Todd's claims because:

> [A]djudicating Todd's claims would require this Court to evaluate and override the Counseling Department's decision that Todd lacks the clinical competency to proceed to Practicum and counsel real clients. Like an individual professor's decision as to the proper grade for a student, whether Todd possesses the skills necessary for Practicum requires the expert evaluation of her professors—not the courts.

Todd filed a response to the plea and objections to Davis's declaration that was attached to the plea.

In February of 2021, the trial court conducted a hearing on the plea and Todd's objections to Davis's declaration. The trial court later signed an order granting the

plea to the jurisdiction and dismissing with prejudice Todd's claims. Todd filed a motion seeking a new trial on the basis of newly discovered evidence or alternatively modification of the order to dismissal without prejudice.

SMU and Davis responded to Todd's motion and objected to the affidavit supporting the motion. In May of 2021, the trial court conducted a hearing on Todd's motion and later signed an order modifying the order granting the plea to the jurisdiction such that Todd's claims were "dismissed without prejudice for lack of subject matter jurisdiction." Todd filed a motion for rehearing of her motion for new trial. SMU and Davis responded, and the trial court conducted a hearing and later signed an order denying Todd's motion for rehearing. Todd filed a notice of appeal from the trial court's order granting the plea to the jurisdiction as modified in May.

## DISCUSSION

Generally, a plea to the jurisdiction may challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *State ex rel City of Dallas v. Dallas Pets Alive*, 566 S.W.3d 914, 917 (Tex. App.—Dallas 2018, pet. denied). When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id.* When the plea appropriately challenges jurisdictional facts, we consider evidence submitted by the parties. *Id.* In performing our review, we do not look to the merits of the claimant's case, but consider only the pleadings and the evidence

–4–

pertinent to the jurisdictional inquiry. *Id.* If the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *Id.* This standard mirrors our review of summary judgments. *Id.*

As previously noted, here, the plea to the jurisdiction relied on two different grounds in order to seek dismissal: (1) ripeness, or Todd's failure to exhaust all of the remedies available under SMU's internal procedures; and (2) deference to the appellees' exercise of professional judgment in evaluating Todd's academic performance.[2] Likewise, Todd's arguments before us raise both process contentions and a challenge to the substantive result urged by SMU and Davis in their answer and plea to the jurisdiction. We will address the former first.

---

[2] The trial court signed an order granting the plea without specifying which grounds it relied on. The trial court later signed an amended order granting the plea but dismissing the case without prejudice, instead of with prejudice. Todd urges that the trial court's decision to modify the order "shows that the trial court rejected [the academic deference ground] and is ruling on the ripeness [ground]." SMU and Davis respond that the trial court "would have been correct in granting either of the grounds supporting the dismissal," but they do not allege what implied holding, if any, we may infer from the trial court's decision to modify the order from "with prejudice" to "without prejudice."

Both grounds asserted for dismissal of Todd's claims implicate the trial court's subject matter jurisdiction. *See Williams v. Smith*, No. 05-19-01251-CV, 2020 WL 7332674, at *2 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.) ("judicial non-intervention doctrine provides that—with limited exceptions—a trial court lacks subject matter jurisdiction over claims regarding the internal management of a voluntary association"); *Holmes v. S. Methodist Univ.*, No. 05-15-01001-CV, 2016 WL 3085718, at *3 (Tex. App.—Dallas May 31, 2016, no pet.) (mem. op.) ("Ripeness 'is a threshold issue that implicates subject matter jurisdiction'"). And, we must review our own jurisdiction regardless of whether the parties raise the issue. *See Bank of New York Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.) ("We are required to review *sua sponte* issues affecting jurisdiction."). Accordingly, irrespective of whether the trial court granted the plea on either or both grounds, we may review both.

–5–

## I.  Ripeness and the Right to Process

Ripeness is a threshold issue that implicates subject matter jurisdiction.  *See Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011).  In evaluating ripeness, we consider whether the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote.  *See id.* Thus, the ripeness analysis focuses on whether the case involves uncertain or contingent future events that may or may not occur as anticipated or may not occur at all.  *See Patterson v. Planned Parenthood of Houston & Se. Tex.*, 971 S.W.2d 439, 442 (Tex. 1998).  In a previous opinion involving SMU and a graduate student who sued the university after she had twice failed a required master's program comprehensive exam, this Court affirmed an order of dismissal on ripeness, concluding that, because SMU presented evidence, and the plaintiff conceded, that she had refused an offer to retake the exam and that SMU had not dismissed her from the program or made any final decision on the award of a degree, "she cannot show her claim is ripe." *See Holmes v. S. Methodist Univ.*, No. 05-15-01001-CV, 2016 WL 3085718, at *3 (Tex. App.—Dallas May 31, 2016, no pet.) (mem. op.).

Under the ripeness doctrine, we consider whether, *at the time a lawsuit is filed*, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote.  *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (emphasis in original).  Prior to Todd's filing suit, the emailed deliberation result of the appeal committee was that the

remediation plan appealed by Todd "should not stand" and that the committee felt its only two choices were "to approve or reject the plan." Todd's suit alleged that she had "successfully demonstrated [to appeal committee] that remediation was wholly unwarranted" and that SMU and Davis had acted in bad faith and in breach of the contract with Todd to prevent her from completing the Program. In their answer to Todd's claims, SMU and Davis urged her claims were not ripe for adjudication and that she could not recover for breach of contract because she had not performed all of her obligations under her contract with SMU. Their plea to the jurisdiction further elaborated that Todd's claims are not yet ripe and that she had failed to exhaust her available remedies because she "can still enroll in Practicum once she completes the required remediation." Their plea attached Davis's declaration and several exhibits thereto, including a letter from the Provost, "the ultimate arbiter of Todd's grade appeal," in which he emphasized that her failing grade on the CPA component of her course required a remediation plan. This ground thus challenged the jurisdictional facts. *See Dallas Pets Alive*, 566 S.W.3d at 917.

Todd argues the record contains, at a minimum, some ambiguity as to whether the appeal committee determined she should not complete the specific remediation plan she appealed or that she need not complete any remediation plan. She included as an exhibit SMU's academic policies that set forth the process by which Todd appealed the remediation plan requirement. The procedures provide that when a student's performance is identified as requiring remediation, a student may choose

to follow a remediation action, exit from the program, or "appeal in writing to the Program Director" who then mediates a decision between the instructor and student regarding the evaluation and "remedial report specifications." "If no resolution results, a committee . . . will either waive the remediation stipulations or enforce the remediation stipulations." In her second issue, Todd urges that the trial court erred in denying her motion for new trial, to which Todd attached evidence she alleged to be newly discovered after the trial court signed its order granting the plea to the jurisdiction. That evidence was an affidavit from an individual named Dr. Collen R. Logan, who stated she was a former member of SMU's faculty and had been one of the members of the remediation appeal committee. According to that affidavit, Logan understood the appeal committee's "unanimous decision" to "overturn[] the decision to "force [Todd] to remediate" and that "Todd should be allowed to proceed in the program without the proposed remediation."

Process rights are important and, whether they are assured potentially by contract or otherwise, should be respected and enforced. *See, e.g.*, *Interstate Contracting Corp. v. City of Dallas, Tex.*, 407 F.3d 708, 728 (5th Cir. 2005) (applying Texas law). Although SMU and Davis point us to our previous opinion in *Holmes*, in that case, there was no dispute about Holmes's rights under SMU's process. *See Holmes*, 2016 WL 3085718, at *3. We conclude the record in this case

as it stood at the time suit was filed[3] presents a fact question over whether the appellees have failed to comply with SMU's own internal procedures and thus the trial court erred if it found it lacked jurisdiction over Todd's claims due to ripeness.

However, our analysis does not end there and instead we next address the plea's second ground of academic deference as it relates to the further relief Todd requests.

## II. Academic Deference and the Jurisdiction of Courts to Review Substantive Academic Judgments

As noted, the parties' respective positions go beyond Todd's claims of the right to be heard in accordance with SMU's written process. As part of her first issue challenging the trial court's order granting the plea to the jurisdiction, Todd argues the trial court had no obligation to defer to SMU and Davis. She urges that SMU and Davis ignored the ruling of the appeal committee and thus failed to exercise sound professional judgment. Todd's reasoning is that SMU and Davis have both failed to follow SMU's internal rules and procedures and, as a result, their professional judgment warrants no deference. Meanwhile, in their answer and plea to the jurisdiction, SMU and Davis contend that SMU has finally determined that Todd required further remediation. And, before us, SMU and Davis urge that Todd has misinterpreted the appeal committee's decision, that instead of concluding she

---

[3] As noted, SMU and Davis urged in their answer that the University may make a final determination of Todd's need for further remediation. That assertion may be correct, but it does not find conclusive support in the record of its review process prior to suit.

need not be required to complete any remediation plan, the committee instead concluded only that the particular remediation plan Todd appealed from "should not stand," and therefore, deference to their final professional judgment is required, separate and apart from her asserted right to the promised internal review. Because the plea's ground asserting academic deference challenges the pleadings, we must determine whether Todd has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of her. *See Dallas Pets Alive*, 566 S.W.3d at 917.

Judges and juries are not generally equipped to second-guess academic judgment. Accordingly, when courts are asked to review the substance of a genuinely academic decision, they should show great respect for the faculty's professional judgment. *See Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). They generally may not override that judgment unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment. *See id.* This doctrine of deference to academic decisions reflects the courts' responsibility to safeguard the academic freedom of state and local educational institutions, "a special concern of the First Amendment," and assure those who teach may do so free of the chilling effect of an ever-present risk of being sued. *See id.* (quoting *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967)). "Academic freedom thrives not only on the independent and uninhibited exchange of ideas among teachers and students, but

also, and somewhat inconsistently, on autonomous decisionmaking by the academy itself." *See id.* at 603 n.12 (citations omitted).

Indeed, the related judicial nonintervention doctrine has been applied in other instances where courts have been asked to adjudicate what amount to disagreements regarding the internal management decisions of private associations. *See, e.g.*, *Williams*, 2020 WL 7332674, at *1 (non-profit corporation with voluntary membership permitting member right to graze cattle on land on which corporation owns cattle-grazing lease); *Collins v. Kappa Sigma Fraternity*, No. 02-14-00294-CV, 2017 WL 218286, at *1 (Tex. App.—Fort Worth Jan. 19, 2017, pet. denied) (mem. op.) (fraternity); *Haedge v. Cent. Tex. Cattlemen's Assoc.*, No. 07-15-00368-CV, 2016 WL 5929596, at *4 (Tex. App.—Amarillo Oct. 11, 2016, pet. denied) (mem. op.) (non-profit corporation with voluntary membership permitting member right to graze cattle on land on which corporation owns cattle-grazing lease); *Dallas Cty. Med. Soc. v. Brache*, 68 S.W.3d 31, 42 (Tex. App.—Dallas 2001, pet. denied) (private, nonprofit organization of physicians); *Tex. Adjutant Gen.'s Dept. v. Amos*, 54 S.W.3d 74, 77 (Tex. App.—Austin 2001, pet. denied) ("rely[ing] on the well-established principle that claims brought by military personnel for injuries arising from or in the course of activity incident to military service are nonjusticiable" to dismiss plaintiff's action regarding proceedings resulting in plaintiff's discharge from Texas Air National Guard).

When previously applying the judicial nonintervention doctrine, we have noted general exceptions to this doctrine: "fraud, illegality, or a threat to the plaintiff's valuable property rights or civil rights." *See Williams*, 2020 WL 7332674, at \*2. But, as noted previously, in the context of a substantive decision of academic achievement or preparedness, Texas courts have never overridden such a determination. Neither, in view of First Amendment concerns, might they, unless the academic action amounts to such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment. *See Ewing*, 474 U.S. at 225.

After reviewing the pleadings, we conclude the relief she seeks goes beyond process concerns and into academic decisions that Todd asks the trial court and this Court on appeal to engage in. In her petition, Todd sought to obtain several declarations from the trial court.[4] We take particular note of the declarations (2)

---

[4] The complete list of requested declarations is quoted from Todd's petition below:

1.  The required procedures for requiring remediation were not followed under the 2015/2016 guidelines;

2.  Under the procedures in effect in 2015/2016 the department chair Defendant Davis did not have the authority to require remediation where the student has been successful on the remediation plan appeal;

3.  As of April 2019, Plaintiff's successful remediation plan appeal resulted in the remediation stipulations being "waived" and no compulsory remediation was thereafter or is now necessary, nor can one be required at this time;

4.  The procedure Defendants have followed by changing the remediation rules retroactively and after the fact violates Plaintiff's contractual rights and is therefore, impermissible;

defining what authority Davis has within SMU's structure, (3) defining what effect SMU's appeal committee decision has on whether SMU may require Davis to complete a remediation plan, (5) that Todd "has by definition demonstrated her competency" to proceed to the next academic course, and (7 and 8) that SMU permit Todd to take additional courses to complete her degree. This requested relief makes clear what Todd seeks from the trial court—and by her appeal to this Court—is a determination that she has achieved competence in her area of study sufficient to proceed with the completion of her degree. And, as the supreme court has recently advised, "courts are ill equipped to evaluate the academic judgment of professors and universities." *See Villarreal*, 620 S.W.3d at 907.

To be sure, claims that agents of a university have acted in contravention of a student's rights protected by the constitution or statute would obviously be subject

---

5. By passing Advanced Clinical Methods, Plaintiff has by definition demonstrated her competency to proceed to Pre-Practicum;

6. The enrollment hold preventing Plaintiff from enrolling in Pre-Practicum and Practicum is to be immediately lifted;

7. Plaintiff is to be allowed to immediately enroll in Pre-Practicum;

8. Plaintiff be allowed to finish her degree requirements;

9. Depending on how long it takes to resolve this matter, Plaintiff be allowed additional time to complete her degree, with no penalties, administratively, academically or otherwise in any form or fashion;

10. Defendants will be immediately and permanently enjoined from taking any punitive actions against Plaintiff, whether administratively, academically or otherwise in any form or fashion because of, in relation to or in any way arising from, whether directly or indirectly, the filing of this petition or pursuing her right to appeal.

to the trial court's and this Court's jurisdiction. *See, e.g.*, *Tex. S. Univ. v. Villarreal*, 620 S.W.3d 899, 910 (Tex. 2021) (declining to recognize substantive protections for educational rights under Texas Constitution's due course of law clause); *Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 685 (Tex. App.—Amarillo 1998, pet. denied) (considering student's claims of equal protection violations); *cf. Senu-Oke v. Jackson State Univ.*, 521 F.Supp.2d 551, 559 (S.D. Miss. 2007) (citing *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85–86 (1978); *Shaboon v. Duncan*, 252 F.3d 722, 731 (5th Cir. 2001)) ("In this regard, the Supreme Court and Fifth Circuit have made it clear that the process which must attend student dismissals, whether for academic or disciplinary reasons, is minimal."). But, Todd's petition does not assert any claims that Davis or any other agent of SMU has done so. We will not create mischief by inserting our judicial review into what is an academic decision and thus impose the sword of Damocles over every professor's head.

We conclude the trial court lacked subject matter jurisdiction over Todd's substantive claims. Further, we conclude the record evidence conclusively negated the existence of jurisdiction such that dismissal of her substantive claims with prejudice is appropriate. *See Rines v. City of Carrollton*, No. 05-15-01321-CV, 2018 WL 833367, at *11 (Tex. App.—Dallas Feb. 13, 2018, pet. denied) (mem. op.) (holding City conclusively negated jurisdiction as to all of appellant's claims such

–14–

that trial court did not err by granting City's plea to the jurisdiction and dismissing his claims with prejudice).

Accordingly, we sustain in part Todd's first issue to the extent the trial court dismissed her claims as not ripe and overrule her first issue to the extent the trial court dismissed her claims seeking review of appellee's academic decisions. In light of our conclusions and reversal of the trial court's order, we need not further address Todd's second issue as to whether the trial court erred by denying her motion for new trial. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's order to dismiss without prejudice, render judgment denying the plea to the jurisdiction with respect to Todd's claims that the appellees have failed to comply with SMU's own internal procedures, render judgment modifying the order to deny with prejudice Todd's claims seeking review of appellees' academic decisions, and remand this case to the trial court for proceedings consistent with this opinion.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210702F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KAMILAH TODD, Appellant

No. 05-21-00702-CV        V.

SOUTHERN METHODIST
UNIVERSITY AND GRETA A.
DAVIS, AN INDIVIDUAL,
Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-11705.
Opinion delivered by Justice
Schenck. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order to dismiss without prejudice, **RENDER** judgment denying the plea to the jurisdiction with respect to Todd's claims that the appellees have failed to comply with SMU's own internal procedures, **RENDER** judgment modifying the order to deny with prejudice Todd's claims seeking review of appellees' academic decisions, and **REMAND** this case to the trial court for proceedings consistent with this opinion.

It is **ORDERED** that appellant KAMILAH TODD recover her costs of this appeal from appellee SOUTHERN METHODIST UNIVERSITY AND GRETA A. DAVIS, AN INDIVIDUAL.

Judgment entered this 14th day of November 2022.

–16–