**Opinion filed February 9, 2023**



### In The

# Eleventh Court of Appeals

_____

## No. 11-23-00012-CV

_____

## ALLIE JARAMILLO, Appellant

## V.

## CITY OF ODESSA ANIMAL CONTROL, Appellee

**On Appeal from the Odessa Municipal Court**
**Ector County, Texas**
**Trial Court Cause No. 2022-001-2022-004**

## M E M O R A N D U M   O P I N I O N

Allie Jaramillo, Appellant, filed a pro se notice of appeal in this court on January 18, 2023. In the notice of appeal, Appellant stated that she is appealing to this court from an order purportedly issued by an associate judge of a municipal court in Odessa in a matter that relates to several of Appellant's dogs. When the appeal was docketed in this court, we notified Appellant by letter that it did not appear to this court that we had jurisdiction in this matter, and we requested that Appellant file a response showing grounds to continue this appeal.

Appellant filed a response but has not shown grounds upon which this appeal may continue. In her response, Appellant asserts that this court "has jurisdiction to determine" the following: (1) "the interlocutory order of a city court that renders judgement outside of its own jurisdiction"; (2) "the interlocutory order of the city Municipal court when the judgement ordered is a violation of the appellant's Due Process clause of the Constitutional Rights and presents a question of law that is important to the jurisprudence of the state"; and (3) "the interlocutory order of a city court that renders judgement that does not act accordingly to the state law."

We do not have appellate jurisdiction to review a judgment from a municipal court. *In re 2600 E. Amarillo Boulevard Gambling Paraphernalia & Proceeds*, No. 07-19-00259-CV, 2019 WL 3756913, at *1 (Tex. App.—Amarillo Aug. 8, 2019, no pet.) (mem. op.). The initial appeal from an order of a municipal court in Odessa, Texas, lies *not* in this court of appeals but in "the county courts at law of Ector County that have criminal appellate jurisdiction." *See* TEX. GOV'T CODE ANN. § 30.00771 (West 2004); *see also id.* § 30.00014 (West Supp. 2022) (relating to appeals and the perfection of appeals from municipal court proceedings); § 30.00027 (relating to appeals to this court after the initial appeal to the county court at law).

Furthermore, to the extent that Appellant is attempting to appeal from an interlocutory order, we note that unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An appeal to an intermediate court of appeals of the State of Texas, such as this court, may be taken "from a final judgment of the district or county court." TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015). Interlocutory appeals to this court from certain orders "of a district court, county court at law, statutory probate court, or county court" are permitted when specifically authorized by statute. *See id.* § 51.014(a) (West Supp. 2022).

Finally, Appellant asserts that her appeal to this court is authorized by Sections 822.0421, 822.0423, and 822.0424 of the Texas Health and Safety Code. However, none of the sections of the Health and Safety Code referenced by Appellant authorize a direct appeal to this court from a municipal court. Section 822.0424 specifically provides as follows: "A party to an appeal under Section 822.0421(d) or a hearing under Section 822.0423 *may appeal the decision to a county court or county court at law in the county in which the justice or municipal court is located* and is entitled to a jury trial on request." TEX. HEALTH & SAFETY CODE ANN. § 822.0424(a) (West 2017) (emphasis added); *see State By & Through City of Dallas v. Dallas Pets Alive*, 566 S.W.3d 914, 918 (Tex. App.—Dallas 2018, pet. denied) (holding that the county court at law had jurisdiction to hear an appeal of the municipal court's decision regarding a dog that caused death or serious bodily injury to a person).

We conclude that Appellant's notice of appeal—whether from a final or interlocutory order of the municipal court—does not invoke this court's appellate jurisdiction. Consequently, the appeal is subject to dismissal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

February 9, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.