

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00265-CV

## IN RE K3 TOWING, TRANSPORT, AND RECOVERY, INC. AND AARON KING, INDIVIDUALLY AND ON BEHALF OF J.K., A MINOR, RELATORS

ORIGINAL PROCEEDING

November 12, 2025

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

K3 Towing, Transport, And Recovery, Inc. and Aaron King, individually and on behalf of JK, a Minor, petition this court for a writ of mandamus. They seek a writ directing the Honorable Douglas Woodburn, 108th District Court (by assignment), to vacate the order signed on August 21, 2025. Through that decree, the trial court 1) denied "Defendant's Motion for Protective Order . . . in its entirety," 2) granted "Plaintiff's Motion to Compel," 3) ordered "Defendant" to remove his objections and fully respond to "Plaintiff's First Discovery Instrument to Defendant Aaron King . . ." and directed "Defendant" to "provide his responses and produce the documents on or before September 19, 2025." In executing the August 21 order, the trial court allegedly abused its discretion. We deny the petition, as discussed below.

First, when a writ of mandamus may issue has been thoroughly discussed in such cases as *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) and *In re State Farm Mut. Auto Ins.*, 712 S.W.3d 53, 58 (Tex. 2025). We here apply the test mentioned in those opinions.

Second, as in all proceedings before us, we must have jurisdiction over the subject matter. *See In re Davenport*, No. 01-14-00956-CV, 2015 Tex. App. LEXIS 601, at *8-9 (Tex. App.—Houston [1st Dist.] Jan. 22, 2015, orig. proc.) (mem. op.) (noting that standing is a component of subject matter jurisdiction and considering whether the petitioner had standing to apply for a writ of mandamus). And, the burden falls upon us to do so sua sponte. *See State v. Dallas Pets Alive*, 566 S.W.3d 914, 916 (Tex. App.—Dallas 2018, pet. denied). To that end, our review of the record provided reveals that Aaron King was the sole movant in the request for a protective order denied by the trial court. Similarly, King was the only party ordered to provide the discovery at issue. These circumstances lead us to conclude that K3 Towing, Transport, And Recovery, Inc. lacks standing to seek vacation of the August 21 order. That litigant was neither denied nor ordered to do anything under the decree. Nor does the statement of jurisdiction mentioned in the petition for writ attempt to explain how K3 Towing was injured by the order to which it was not subject. *See In re Abbott*, 601 S.W.3d 802, 808 (Tex. 2020) (stating that "injury in fact" is one of the elements to standing). Thus, we dismiss its request for mandamus relief.

Third, and as explained in *Kappmeyer*, one seeking a writ of mandamus has the burden to show that the trial court clearly abused its discretion. *In re Kappmeyer*, 668 S.W.3d at 655. As previously mentioned, King petitioned us for a writ "directing the trial

2

court to vacate its August 21, 2025 Order compelling production and striking objections, and to reinstate Relators' objections, including net worth objections." The scope of this prayer is quite plenary. That is, he does not limit the relief sought to certain aspects of the order. Instead, he, in effect, asks us to order both the vitiation of the entire decree and reinstatement of all his objections propounded to the discovery requests. Thus, logically, to gain such ubiquitous relief entails proving that nothing in the order withstands legal scrutiny . . . that the trial court abused its discretion in ordering all that it did. Yet, again, logically speaking, if some aspects of the order survive legal scrutiny, then he can hardly be entitled to what he requested. And, therein lies the problem.

The discovery King challenged was numerous requests for production served by Dale Rock. The latter allegedly fell victim to an auto accident involving King's minor son, JK. JK allegedly drove the vehicle that struck Rock. Additionally, a liberal reading of Rock's amended live pleading indicates that the vehicle was owned by King, K3 Towing Transport, and Recovery, Inc. or King Country Trailer Service and Parts, LLC. So, in pursuing relief against King and those entities, Rock propounded various requests for production which requests included: "[a]ny insurance agreement or policy insuring Aaron King, (whether primary or excess) in their entirety, not just the face sheets, which may satisfy part or all of a judgment, which may be rendered against you in this suit." King objected to same. So too did he object to other requests seeking the production of "insurance agreements" insuring other entities "which [insurance] may [also] satisfy part or all of judgment . . . rendered against [King] in this suit." But, such agreements are generally discoverable per our rules of civil procedure.[1]  *See* TEX. R. CIV. P. 192.3(f)

---

[1] Allegedly, King had a financial interest in many companies which may have had policies obligating the insurers to cover JK's potential liability.

(stating that a party may discover the existence and contents of insurance agreements under which any person may be liable to satisfy part or all of a judgment rendered in the action). Moreover, King made no effort to explain why Rule 192.3(f) failed to permit the discovery of those documents. That being so, we cannot say he carried his burden to illustrate that the entire August 21 order evinced an instance of abused discretion, as King otherwise suggests through his prayer. And, that means he failed to carry the burden prerequisite to our vitiation of the entire order.[2] Simply put, King is not entitled to the relief he expressly sought, that being the nullification of the entire order. *See* TEX. R. APP. P. 52.3(i) (stating that the petition must contain a short conclusion that clearly states the nature of the relief sought); TEX. R. APP. P. 52.8(a) (stating that if the court determines that the relator is not entitled to the relief sought, it must deny the petition); *see also State v. Brown*, 262 S.W.3d 365, 370 (Tex. 2008) (stating that a "party generally is not entitled to relief it does not seek").

We deny the petition for writ of mandamus and vacate our earlier order suspending the effect of the August 21 decree under attack.

Brian Quinn
Chief Justice

---

[2] King's deficiency in parsing through those aspects of the August 21 order, which reflect no instance of abused discretion, from those which may, liken in character to the objections urged below to avoid Rock's discovery efforts. Both appear to be what some would call "a shotgun" approach. He attacked each of the requests for production by reiterating the same objections over and over. Assuming *arguendo* that some of the requests for production were improper, others clearly were not, as illustrated in the body of our opinion. Yet, the tenor of King's objections and arguments made no differentiation between the two. Rather, he merely seeks an order vacating the entire August 21 mandate when he is not entitled to such expansive relief.