The STATE of Texas and The Texas A & M University System, Appellants,

v.

MONTGOMERY COUNTY, Texas, Appellee.

No. 09–09–00518–CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 16, 2010.

Decided Feb. 24, 2011.

Gregg Abbott, Attorney General, Richard D. Naylor, Assistant Attorney General, Austin, TX, for appellants.

J. Mark Breeding, Paul S. Radich, Andrews Kurth LLP, Houston, TX, David K. Walker, County Attorney, Conroe, TX, for Appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The State of Texas and The Texas A & M University System ("TAMUS") appeal a declaratory judgment that Montgomery County ("the County") is vested with a statutory easement and right-of-way through a section of state forest that is managed by TAMUS. The controversy concerns the widening of a state highway ("FM 1488") pursuant to a pass-through toll agreement between the County and the Texas Department of Transportation ("TxDOT"). *See* Tex. Transp. Code Ann. § 222.104 (West Supp. 2010). Raising four issues, appellants contend that the express statutory grant of an easement across State land for County projects does not apply here because the project relates to a State highway system improvement. Instead, they argue, a section of the Education Code that permits TAMUS to grant easements to TxDOT applies. Appellants further contend the declaration of an easement is actually a trespass to try title suit from which they are immune. Finally, appellants contend the County is liable for appellants' expenses because the County abandoned its condemnation claim. We affirm the judgment.

### Interlocutory Appeal

In an earlier interlocutory appeal from the denial of appellants' plea to the jurisdiction, appellants argued that the prohibition against the sale or exchange of state forest land found in Section 88.108 of the Education Code operated to withhold the State's consent for the County to condemn the land in fee. *See State v. Montgomery County*, 262 S.W.3d 439, 444 (Tex.App.-Beaumont 2008, no pet.); *see also* Tex. Educ.Code Ann. § 88.108 (West 2002). Appellants also argued that Section 85.26 of the Education Code, which authorized the TAMUS board to grant easements for rights-of-way for highway purposes to any county in the state on any lands belonging to the state and under the control of the TAMUS board, operated to withhold the Legislature's grant to Texas counties of eminent domain authority in Section 261.001 of the Local Government Code.

*Montgomery County*, 262 S.W.3d at 445; *see also* Tex. Educ.Code Ann. § 85.26 (West 2002); Tex. Loc. Gov't Code Ann. § 261.001 (West 2005). In their brief in the interlocutory appeal, appellants cited Section 284.061(d) of the Transportation Code and urged that "Chapter 284 obviates the need for counties to condemn state property for highway projects by granting outright any easements that a county may need for that purpose." *See* Tex. Transp. Code Ann. § 284.061(d) (West Supp. 2010).

Noting that Section 284.061 of the Transportation Code grants a blanket permission for a county to use state property for highway projects, and giving effect to each of the statutes, we construed easement-granting authority in Section 85.26 of the Education Code to provide an additional means for granting an easement that did not preclude the exercise of eminent domain authority expressly granted to a county in Section 261.001 of the Local Government Code. *Montgomery County*, 262 S.W.3d at 445; *see also* Tex. Loc. Gov't Code Ann. § 261.001; Tex. Transp. Code Ann. § 284.061. We also held that Section 203.058 of the Transportation Code, which authorizes the General Land Office to determine compensation to be paid for property acquired from a public agency by TxDOT, did not preclude the County from filing a condemnation action. *Montgomery County*, 262 S.W.3d at 445; *see also* Tex. Transp. Code Ann. § 203.058 (West 1999). Our opinion in the interlocutory appeal affirmed the trial court's denial of the appellants' plea to the jurisdiction. *Montgomery County*, 262 S.W.3d at 446. Appellants did not petition for appellate or mandamus review in the Supreme Court. *See generally* Tex. Gov't Code Ann. §§ 22.001, 22.002 (West 2004); Tex. Gov't Code Ann. § 22.225 (West Supp. 2010).

### Declaratory Judgment

In April 2008, while the interlocutory appeal was pending, the State, acting through TxDOT, and the County entered into an amendment to the pass-through toll agreement that (as to the property in dispute in this litigation) relieved the County of its obligation to acquire fee simple title and permitted the County to proceed based on easement rights. After we affirmed the trial court's order denying the appellants' plea to the jurisdiction and our mandate issued, the County petitioned for declaratory relief and requested condemnation as alternative relief in the event the trial court denied the requested declaratory relief. The County alleged the existence of a justiciable dispute regarding the County's rights in and to the property and its right to proceed with the highway project, and petitioned for a determination that the County has a statutory easement authorizing the use of the property in connection with widening and operation of the highway. Although the parties evidently agreed that Section 284.061(d) granted the County an easement for highway purposes through the state forest land, the parties continued to dispute issues relating to damages and the appropriate forum to determine compensation. Reprising their argument from the interlocutory appeal regarding the trial court's jurisdiction over the County's eminent domain proceeding to acquire a fee simple interest, appellants asserted that the compensation for the use of the easement must be determined by the General Land Office pursuant to Section 203.058 of the Transportation Code.[1]

---

1. In a pleading filed in August 2009, appellants asserted that Section 251.056 of the Transportation Code places an additional restriction on the County's right to acquire the subject property for highway purposes. *See* Tex. Transp. Code Ann. § 251.056 (West

The County moved for summary judgment on its claim for a declaration of its rights to the use of an easement through the property pursuant to Section 284.061(d) of the Transportation Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004 (West 2008); Tex. Transp. Code Ann. § 284.061(d). The County argued the requested declaration was proper because the State owns the property, the property is necessary for the construction and operation of the highway, and the highway is a project for purposes of Chapter 284 of the Transportation Code. *See* Tex. Transp. Code Ann. § 284.061(d). In response, appellants argued that there was no justiciable controversy between the parties because the County had taken possession of the property under a writ of possession, removed trees, graded the surface, and treated the property as its own, thus, taking the property in fee simple under the condemnation procedure. Appellants argued that the non-substantive codification of former Article 6795b–1, which provided in part that "[t]he governing body of each political subdivision or agency of this state, without any form of advertisement, may convey title or right and easements to any property needed by a county for a project under this Act," was silent on the method to be used in the determination of value for such an easement. Act of May 27, 1983, 68th Leg., R.S., ch. 630, § 2, 1983 Tex. Gen. Laws 4041, 4045. Appellants argued that "the County has an easement across state land, but cannot construct a roadway until acquiring an easement on a proper form from the Board of Regents of the Texas A & M University System." Appellants continued to assert sovereign immunity from suit and argued that the County had failed to exhaust its administrative remedies.

The trial court granted the County's motion for summary judgment. The County subsequently moved for summary judgment on appellants' counterclaim for fees and expenses under Section 21.019(b) of the Property Code. *See* Tex. Prop.Code Ann. § 21.019(b) (West 2004) ("A court that hears and grants a motion to dismiss a condemnation proceeding made by a condemnor under Subsection (a) shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing."). The trial court granted the motion for summary judgment and ordered that appellants take nothing on the counterclaim.

### Statutory Construction

In construing a statute, our primary objective is to ascertain and give effect to the intent of the Legislature. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004). We begin with the plain and common meaning of the language used in the statute and read the statute as a whole. *Id.* "If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute." *Id.* "We also consider the objective the law seeks to obtain and the consequences of a particular construction." *Id.; see also* Tex. Gov't Code Ann. § 311.023(1), (5) (West 2005).

### Prior Law

■ Appellants argue the predecessor statute for Section 284.061 of the Transportation Code lacks the easement-grant-

---

1999). Appellants did not rely on this section in their interlocutory appeal, in response to the County's motion for summary judgment, or in this appeal. We consider this argument to have been abandoned by the appellants and do not address it here.

ing language found in the non-substantive codification. *See* Act of May 15, 1947, 50th Leg., R.S., ch. 304, 1947 Tex. Gen. Laws 514, 514–19.[2] They cite this Court to Section 4a of former article 6795b–1, which the Legislature added in 1983 to provide that "[n]otwithstanding any other provision of law, the commissioners court may use any county land, rights-of-way, or other property, regardless of when or how the property is acquired, for the purposes of a project under this Act." *See* Act of May 27, 1983, 68th Leg., R.S., ch. 630, § 2, 1983 Tex. Gen. Laws 4041, 4045. Section 284.061 of the Transportation Code originated in a different section of the predecessor statute. Section 3 of former article 6795b–1 provided in part that "The State of Texas hereby expressly grants to any such county full easements and right of ways through, across, under, and over any lands or property owned by the State which may be necessary or convenient to the construction, acquisition or efficient operation of the project." *See* 1947 Tex. Gen. Laws at 516. The same section of former article 6795b–1 granted to the Commissioners Court of "any county proceeding hereunder" the power to enter on lands and provided that "if considered advisable may exercise the right of eminent domain and may institute condemnation proceedings under the provisions of any pertinent General Law of Texas for the purpose of acquiring any property to be used or useful in connection with the project." *Id.* In interpreting a statute, we consider "the old law, the evil, and the remedy." Tex. Gov't Code Ann. § 312.005 (West 2005). Here, the old law granted an easement and the authority to institute condemnation proceedings. *See* 1947 Tex. Gen. Laws at 516. The same rights and powers continued in the non-substantive

codification of the prior law. *See* Tex. Transp. Code Ann. § 284.061.

### County Project

■ Appellants also contend that Section 284.061 of the Transportation Code does not apply here because the pass-through toll agreement relates to the State highway system and therefore is not a "county project" described by Section 284.003 of the Transportation Code. *See* Tex. Transp. Code Ann. § 284.003 (West Supp. 2010). Section 284.003(d) specifically refers to the state highway system, and the statute authorizing pass-through toll projects for the state highway system expressly allows pass-through toll agreements between the Department of Transportation and "a county acting under Chapter 284[.]" *See* Tex. Transp. Code Ann. § 284.003(d); Tex. Transp. Code Ann. § 222.104(d). Montgomery County is the developer under the terms of the pass-through toll agreement and the Commissioner's Court issued an order authorizing the project. The project falls within the definition or concept of a county project for purposes of Section 284.061 of the Transportation Code. *See* Tex. Transp. Code Ann. § 284.061.

### Other Sections and Codes

■ Next, appellants contend that Section 85.26 of the Education Code and Section 203.058 of the Transportation Code are special and specific provisions that prevail over, what the appellants argue are, the more general provisions of Section 284.061 of the Transportation Code. *See* Tex. Educ.Code Ann. § 85.26; Tex. Transp. Code Ann. §§ 203.058, 284.061. "If a general provision conflicts with a

---

2. Appellants contend that the predecessor statute does not apply to the FM 1488 highway-widening project, but appellants have

never disputed the general applicability of former article 6795b–1 to Montgomery County.

special or local provision, the provisions shall be construed, if possible, so that effect is given to both." Tex. Gov't Code Ann. § 311.026(a) (West 2005).

Section 85.26 of the Education Code grants the TAMUS Board the power to "execute easements for rights-of-way to the Texas Department of Transportation, to any county in the state, or to any corporation, group, organization, firm, or individual for highway or roadway purposes, on or across any lands belonging to the state and under the control of the board[.]" *See* Tex. Educ.Code Ann. § 85.26(a). The statute also provides that no "person, firm, group, organization, agency, or corporation" may build a highway across TAMUS-controlled land without obtaining "a proper easement as provided by this section[.]" *See* Tex. Educ.Code Ann. § 85.26(e). Subsection (a), which contains the grant of authority, mentions a county as an eligible recipient of the benefit of an easement, but subsection (e) does not mention a county among the parties that are required to obtain an easement only through that statute. *See* Tex. Educ.Code Ann. § 85.26(a),(e). The predecessor statute for Section 85.26 of the Education Code was passed in 1955, eight years after the enactment of the predecessor statute for Section 284.061 that granted certain counties full easements and rights-of-way across state land. *See* Act of April 29, 1955, 54th Leg., R.S., ch. 228, 1955 Tex. Gen. Laws 653, 654; *see also* 1947 Tex. Gen. Laws 516. By excluding counties from the limitation found in former article 2613a–7, now Section 85.26(e) of the Education Code, the later-enacted law avoids a conflict between the two statutes. A county that has been granted an easement by virtue of Section 284.061 of the Transportation Code is not bound by the requirement that an easement be obtained through the TAMUS Board under Section 85.26(e) of the Education Code. *See* Tex. Transp. Code Ann. § 284.061(d); Tex. Educ.Code Ann. § 85.26(e). Because the two statutes do not conflict, one need not operate to the exclusion of the other.

### Waiver

■■■ Appellants also contend that by taking the property pursuant to a writ of possession, the County waived its right to proceed with a statutory easement under Section 284.061 of the Transportation Code. According to appellants, when the County took possession of the subject property, the fee estate merged with the statutory easement; however, a writ of possession is an interlocutory order that transfers possession, not title (hence, the appellation "writ of *possession*"). *See* Tex. Prop.Code Ann. § 21.021 (West 2004). After taking possession, the condemnor may amend its pleadings. *FKM P'ship, Ltd. v. Bd. of Regents of U. of Houston Sys.*, 255 S.W.3d 619, 626 (Tex.2008); *PR Invs. & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 476 (Tex.2008). The condemnor may abandon unnecessary land or rights prior to confirmation of the commissioners' award by the trial court. *See Tex. Power & Light Co. v. Cole*, 158 Tex. 495, 313 S.W.2d 524, 530 (Tex.1958). Title vests upon entry of judgment and payment for the property. *See Jackson v. City of Abilene*, 281 S.W.2d 767, 769 (Tex.Civ. App.-Eastland 1955, writ ref'd n.r.e.). Thus, no merger of title occurred by reason of the issuance of the writ of possession.

■■ Appellants further contend that Section 203.058 of the Transportation Code gives the General Land Office the power to determine the compensation for the County's use of the easement granted by Section 284.061 of the Transportation Code. *See* Tex. Transp. Code Ann. §§ 203.058, 284.061. According to appellants, the

County is acting as a surrogate of the Department of Transportation in a proceeding that is in fact a suit by the State's transportation agency. Neither Section 284.061 of the Transportation Code, nor the pass-through toll agreement between the County and TxDOT, establish a surrogate relationship. In establishing the responsibilities of the parties, the pass-through toll agreement provides that each party "is not an agent, servant, or employee of the other party" and that each party "is responsible for its own acts and deeds and for those of its agents, servants, or employees." The County proceeded under its own authority granted by Section 261.001 of the Local Government Code without resorting to the eminent domain authority of the Department of Transportation. *Compare* Tex. Loc. Gov't Code Ann. § 261.001 *with* Tex. Transp. Code Ann. §§ 203.051, 203.053 (West 1999). Thus, appellants' argument that the County is a mere surrogate of the Department of Transportation is not supported by the summary judgment record. Moreover, the Supreme Court has construed "state agency" in Section 203.058 to mean an actual state agency, not a governmental subdivision. *City of Sunset Valley*, 146 S.W.3d at 643. Similarly, in the statute, "[d]epartment" means the Department of Transportation, not a political subdivision of the State such as the County. *See* Tex. Transp. Code Ann. § 201.001(2) (West Supp. 2010); Tex. Transp. Code Ann. § 203.058.

### Justiciability

■ Appellants contend the trial court erred in entering a judgment declaring that the County is vested with a statutory easement and right-of-way across the subject property because no justiciable controversy exists between the parties. Appellants contend that the County's petition to establish an easement is a trespass to try title suit that is barred by the doctrine of sovereign immunity.

■ "A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). Appellants argue that the controversy presented here is not ripe because the County "did not first dismiss its fee simple title position and then assert an easement claim[.]" By express provision of statute, the state or a political subdivision of the state may assert a claim to the property and alternatively seek to condemn the property. *See* Tex. Prop.Code Ann. § 21.017 (West 2004). The County has the right to urge a remedy that is inconsistent with the exercise of eminent domain authority. *See id.* In this case, the County Commissioners have determined the public necessity for the FM 1488 road-widening project through the subject property. Thus, the dispute concerning the statutory easement does not depend upon contingent or hypothetical events that have not yet come to pass; rather, the suit determines the parties existing rights. *See Zucht v. City of San Antonio*, 698 S.W.2d 168, 170 (Tex.App.-San Antonio 1984, no writ) (holding that where City had determined necessity of acquisition of the fee, controversy was ripe without regard to whether City was entitled to fee title through condemnation or through a claim of title).

### Trespass to Try Title

■ Appellants contend that the County's declaratory judgment petition presents a claim in trespass to try title to which appellants are immune under the

doctrine of sovereign immunity.[3] In their response to the County's motion for summary judgment, appellants argued that "the State's sovereign immunity bars the County's condemnation suit unless the Legislature has waived the State's immunity from such a suit."

 The State may not be made a party to a suit for land without legislative consent. *See State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (1961). In the response to the motion for summary judgment, appellants argued that Section 284.061 of the Transportation Code did not waive the condemnee's sovereign immunity. *See* Tex. Transp. Code Ann. § 284.061. The response to the motion for summary judgment acknowledged that "Condemnees have previously argued their entitlement to sovereign immunity in both the trial court and the appellate court, such position being specifically rejected." *See Montgomery County*, 262 S.W.3d at 443–45. On interlocutory appeal, we held that the Legislature waived the State's immunity from suit in Section 261.001 of the Local Government Code, which provides that "[a] county may exercise the right of eminent domain to condemn and acquire land, an easement in land, or a right-of-way if the acquisition is necessary for the construction of a jail, courthouse, hospital, or library, or for another public purpose authorized by law[,]" and expressly states that "the right of eminent domain conferred by this section extends to public or private land, but not to land used for cemetery purposes." Tex. Loc. Gov't Code Ann. § 261.001. We held that "[b]y extending the county's condemnation authority to public lands not used for cemetery purposes, the legislature clearly and unambiguously permits the counties to proceed against other governmental entities using that public land." *Montgomery County*, 262 S.W.3d at 443.

 In addition to allowing a county to "acquire by eminent domain property to use in or useful for a project under this chapter[,]" Section 284.061 of the Transportation Code grants to a county "full easements and rights-of-way through, across, under, and over any property owned by this state that are necessary or convenient to construct, acquire, or efficiently operate a project under this chapter." *See* Tex. Transp. Code Ann. § 284.061. Section 21.017 of the Property Code allows a county that is proceeding in condemnation to "assert a claim to the property or, alternatively, seek to condemn the property." Tex. Prop.Code Ann. § 21.017. The declaratory judgment petition is merely the procedural vehicle through which the County sought to ascertain rights established by Section 284.061 of the Transportation Code for which immunity is waived under Section 261.001 of the Local Government Code. *See Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 445–46 (Tex.1994); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 37.002 (West 2008).[4] Declaratory judgment is an appropriate vehicle for clarifying a party's rights under

---

**3.** The County contends that "Appellants did not present their challenge to the nature of the County's claim for declaratory relief in response to the County's motion." In an appeal from the granting of a summary judgment under Rule 166a(c), "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex.R. Civ. P. 166a(c). This Opinion addresses the arguments that appellants presented to the trial court in their response to the County's motion for summary judgment.

**4.** Appellants claim they are immune from suit but they have not asserted that the County lacks standing to file a petition for declaratory judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.001 (West 2008); Tex. Loc. Gov't Code Ann. § 71.001 (West 2008).

a statute. *See Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634–35 (Tex.2010).

### Attorney Fees

Appellants contend the trial court erred in denying their counterclaim for attorney fees and expenses. They argue the County effectively abandoned its condemnation suit when it filed a petition for declaratory judgment. Section 21.019(b) of the Property Code requires the trial court to "make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing" on the condemnor's motion to dismiss. Tex. Prop.Code Ann. § 21.019(b) (West 2004). "[A]n amended condemnation petition dismisses the proceedings within the meaning of section 21.019(b) even if the condemnor does not completely dismiss or abandon the proceedings, but continues them in such manner that the amendment functionally abandons the original condemnation claim and asserts a different claim." *FKM P'ship,* 255 S.W.3d at 636; *see* Tex. Prop.Code Ann. § 21.019(b). Appellants argue the County's petition for a declaration of the easement granted by Section 284.061(d) of the Transportation Code asserts a different claim from that brought in the County's original petition for condemnation.

A condemnor may amend its pleadings as in other civil cases. *State v. Brown,* 262 S.W.3d 365, 369 (Tex.2008); *see also* Tex. Prop.Code Ann. § 21.018(b) (West 2004). Furthermore, alternate pleadings are permissible in condemnation proceedings. *See* Tex. Prop.Code Ann. § 21.017. In *FKM Partnership,* the condemning authority amended its petition to discontinue its acquisition of ninety-seven percent of the tract sought in the original

petition. 255 S.W.3d at 632. The Supreme Court held that the amended petition functioned as a voluntary dismissal of the larger tract. *Id.* at 634. Here, the County did not abandon its petition for fee simple interest, but pled "[i]f, notwithstanding the grant of easement rights in Section 284.061(d), the Court determines the County does not have a statutory easement authorizing the widening and operation of the Highway on and over the Property, then consistent with the declaration of its Commissioners Court, the County seeks to condemn and acquire herein the fee simple interest in and to the Property[.]" The amended pleading in *FKM Partnership* reduced the taking to a miniscule part of the originally-sought property and altered the potential and expressed planned use for tracts. *Id.* at 637. In contrast, the County has acquired the same property for the same purposes that it sought in its original petition. Because the County did not abandon its effort to acquire the subject property for purposes of widening FM 1488, appellants are not entitled to recover fees and expenses under Section 21.019 of the Property Code. *See Brown,* 262 S.W.3d at 370; *see also* Tex. Prop.Code Ann. § 21.019(b).

In conclusion, we hold that the road-widening project at issue here is a "project under this chapter" for purposes of the statutory grant of full easements and rights-of-way across property owned by the State. *See* Tex. Transp. Code Ann. § 284.061. Because that statute grants an easement, the County was not required to obtain an easement through the procedure found in Section 85.26 of the Education Code. *See* Tex. Educ.Code Ann. § 85.26. Because the County is acquiring the property through its eminent domain power, the trial court has jurisdiction and the administrative procedure in which the General Land Office determines compen-

sation by the Department of Transportation for the taking of property controlled by a state agency does not apply. The County's petition presented a justiciable controversy and the trial court had jurisdiction over the subject matter and the parties. Because the amended pleadings did not functionally abandon the County's acquisition of the subject property, the trial court did not err in denying appellants' counterclaim for recovery of attorney fees and expenses. Accordingly, we overrule issues one through four and affirm the judgment.

AFFIRMED.